SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
PAUL S. COWIE, Cal. Bar No. 250131
PATRICIA M. JENG, Cal. Bar No. 272262
JOHN ELLIS, Cal. Bar No. 269221
MELISSA HUGHES, Cal. Bar No. 315727
HYUNKI (JOHN) JUNG, Cal. Bar No. 318887
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   415.434.9100
Facsimile:    415.434.3947
Email          pcowie@sheppardmullin.com
                 pjeng@sheppardmullin.com
                 jellis@sheppardmullin.com
                 mhughes@sheppardmullin.com
                 hjung@sheppardmullin.com

Attorneys for Defendant MCGEE AIR SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS PRICE, on behalf of himself and all others similarly situated,<br><br>           Plaintiff,<br><br>     v.<br><br>MCGEE AIR SERVICES, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>           Defendants. | Case No. 3:23-cv-02705<br><br>**DEFENDANT MCGEE AIR SERVICES, INC.'S NOTICE OF REMOVAL**<br><br>*[Removed from San Mateo Superior Court, Case No. 23-CIV-00342]* |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant McGee Air Services, Inc. ("Defendant") hereby removes the action *Darius Price, et al. v. McGee Air Services Inc.*, pending in the Superior Court of California, County of San Mateo, Case No. 23-CIV-00342, to the United States District Court for the Northern District of California. Removal is based on the Class Action Fairness Act ("CAFA"). This Court has original subject matter jurisdiction over Plaintiff Omari Robinson's

("Plaintiff") lawsuit under 28 U.S.C. §§ 1332(d)(2), 1441, 1453, and 1446, because it is a proposed class action, minimal diversity exists, and the amount in controversy exceeds $5,000,000. Accordingly, removal is proper based on the following grounds:

## I. STATEMENT OF JURISDICTION UNDER CAFA

1. This Court has jurisdiction over this case under the Class Action Fairness Act, 28 U.S.C. section 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) the defendant is not a state, state official or other governmental entity; (3) the total amount in controversy for all class members exceeds $5,000,000; and (4) there is diversity of citizenship between at least one class member and one defendant.

2. Each of the foregoing conditions were satisfied at the time this action was initiated and now at the time of removal.

## II. CLAIMS AND PROCEDURAL HISTORY

3. On or about January 24, 2023, Plaintiff filed a putative class action complaint against Defendant in the Superior Court of the State of California, County of San Mateo, Case No. 23-CIV-00342 (the "Complaint"). On March 17, 2023, Plaintiff served a copy of the Summons; Civil Case Cover Sheet; Complaint; Peremptory Challenge to Judicial Officer & Declaration in Support Thereof Pursuant to C.C.P 170.6; Case Management Order #1; Case Management Order #2; Notice of Assignment For All Purposes, Designation as Complex Case, Setting of a Case Management and Trial Setting Conference, and Complex Fees Due; Notice of Reassignment for all Purposes pursuant to Peremptory Challenge; and Notice of Reassignment (Civil) on Defendant. Attached hereto as Exhibits **A-I** are true and correct copies of the Summons; Civil Case Cover Sheet; Complaint; Peremptory Challenge to Judicial Officer & Declaration in Support Thereof Pursuant to C.C.P 170.6; Case Management Order #1; Case Management Order #2; Notice of Assignment For All Purposes, Designation as Complex Case, Setting of a Case Management and Trial Setting Conference, and Complex Fees Due; Notice of Reassignment for all Purposes pursuant to Peremptory Challenge; and Notice of Reassignment (Civil).

4. On or about March 30, 2023, Plaintiff filed a First Amended Complaint in the Superior Court of the State of California, County of San Mateo, Case No. 23-CIV-00342 (the "FAC"). On April 14, 2023, Plaintiff served the FAC on Defendant via Notice and Acknowledgement of Receipt. On April 17, 2023, Defendant acknowledged receipt of the FAC. Attached hereto as Exhibits **J-K** are true and correct copies of the Notice and Acknowledgement of Receipt-Civil, and FAC served on Defendant.

5. Plaintiff's FAC asserts claims for relief arising out of Plaintiff's alleged employment with Defendant. The FAC asserts claims for: (1) Minimum Wage Violations (Labor Code §§ 204, 1182.12, 1194, 1194.2, 1197, 1198); (2) Failure to Pay Meal Period Premiums at the Regular Rate of Compensation (Labor Code §§ 226.7, 1198); (3) Rest Period Violations (Labor Code §§ 226.7, 516, 1198); (4) Wage Statement Violations (Labor Code § 226, *et seq.*); (5) Waiting Time Penalties (Labor Code §§ 201-203); (6) Unfair Competition (Bus.& Prof. Code § 17200, *et seq.*); (7) Civil Penalties Under The Private Attorneys General Act (Labor Code § 2698, *et seq.*).

6. Plaintiff's FAC is styled as a putative class action under Code of Civil Procedure § 382. Plaintiff seeks to represent five putative classes of (1) "all of Defendants' current and former non-exempt employees in California who were subject to Defendants' timekeeping practices, at any time from four years prior to the filing of this action through the present."; (2) "all of Defendants' current and former non-exempt employees in California who received a meal period premium and also received Incentive Pay in a corresponding quarter or pay period, at any time from four years immediately preceding the filing of this action through the present."; (3) "all of Defendants' current and former non-exempt employees in California who worked at least one shift of 3.5 hours or more, at any time from four years immediately preceding the filing of this action through the present."; (4) "all members of the Minimum Wage Class, Meal Period Premium Underpayment Class, and/or Rest Period Class who received a wage statement at any time from one year immediately preceding the filing of this lawsuit through the present."; and (5) "all formerly-employed members of the Minimum Wage Class, Meal Period Premium Underpayment Class, and/or Rest Period Class whose employment with Defendants ended at any time from three

years immediately preceding the filing of this lawsuit through the present." [1]  ("Putative Classes") (FAC, ¶ 15.)

7. Plaintiff's FAC alleges that for some Putative Class Members, the putative class period begins on February 7, 2021, though the FAC is indeterminate as to which Putative Class Members.  (FAC, fn. 1).

8. On or about May 9, 2023, Defendant filed its Answer to the FAC in San Mateo County Superior Court and served its Answer on Plaintiff that same day.  Attached hereto as **Exhibit L** is a true and correct copy of Defendant's Answer to the Plaintiff's FAC.

9. On or about May 19, 2023, Plaintiff and Defendant filed a Joint Case Management Statement with the Superior Court of California for the County of San Mateo.  Attached hereto as **Exhibit M** is a true and correct copy of the Parties' Joint Case Management Statement.

10. On May 25, 2023, the Superior Court of California for the County of San Mateo held a Complex Case Management Conference and set a Case Management Conference for September 28, 2023.  Attached hereto as **Exhibit N** is the Minute Order from the Superior Court.

11. **Exhibits A-N** are true and correct copies of all process, pleadings, and orders served upon Defendant or filed by Defendant in accordance with 28 U.S.C. § 1446(a).  A copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Superior Court of California for the County of San Mateo.  No other proceedings have been held in this action.

## DIVERSITY JURISDICTION UNDER CLASS ACTION FAIRNESS ACT

12. The Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. § 1332(d)(2).  As set forth below, this action is removable under CAFA, pursuant to the provisions of 28 U.S.C. §1441(a), as (1) the proposed class contains at least 100 members; (2) Defendant is not a state, state official or other governmental entity; (3) the total amount in controversy for all class members exceeds $5,000,000; and (4) there is diversity between at least one class member and one defendant.

---

[1] Defendant does not admit that these classes, or any putative classes, are properly defined, or otherwise ascertainable.

13. Pursuant to *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014) and 28 U.S.C. § 1446(a), Defendant is not required to submit evidence establishing jurisdictional facts with a notice of removal. Defendant is only required to submit a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). A plausible allegation of the relevant jurisdictional facts is sufficient in a notice of removal. *Dart Cherokee*, 135 S.Ct. 547 at 554. Evidence is required only if the plaintiff contests, or the Court questions, Defendant's allegations. *Id.*

## MINIMUM DIVERSITY EXISTS

14. CAFA's minimal diversity requirement is satisfied when: (1) at least one plaintiff is a citizen of a state in which none of the defendants are citizens; (2) at least one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen; or (3) at least one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state. *See* 28 U.S.C. § 1332(d).

15. For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010), the Supreme Court clarified the definition of a corporation's "principal place of business" and concluded that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." The Supreme Court further clarified that, "in practice" the principal place of business "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 93.

16. Defendant is a corporation incorporated under the laws of Delaware. Defendant maintains its principal place of business in Washington. Defendant's corporate headquarters are located in Washington, and its administrative functions (including operations and planning) are conducted in Washington. Defendant's corporate and executive officers are employed in Washington and the actual direction, control, and coordination for Defendant take place in Washington. These facts were true at the time the action was instituted, and remain true today at

the time of removal to federal court. Thus, under the foregoing standard Defendant is a citizen of Washington and Delaware for purposes of removal, and not a citizen of California.

17. To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States, and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). According to the FAC, at all relevant times Plaintiff was, and is, a California resident. (FAC, ¶ 3.) Therefore, at the date on which this civil action was filed, and at the time of this removal, Plaintiff was a citizen of California.

18. Plaintiff also purports to represent classes of "non-exempt employees *in California*" therefore asserting that the putative class members are also California residents, both at the time the action was initiated and now at the time of this removal. Therefore, at the date on which this civil action was filed, and at the time of this removal, at least one member of the putative class was a citizen of California and not a citizen of Washington or Delaware.

19. The presence of "Doe" defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b). Regardless, pursuant to CAFA, Defendant is not required to obtain the consent of any other defendant to remove this action. 28 U.S.C. § 1453(b).

### THE PROPOSED CLASS CONTAINS AT LEAST 100 MEMBERS

20. Defendant employed approximately **3,200** putative class members who worked at least one day in California during the four-year period prior to the filing of the Complaint. Accordingly, the putative class meets CAFA's requirement of a class containing at least 100 members.

### THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

21. Pursuant to CAFA, the amount in controversy is satisfied when the aggregated claims of the individual members in a class action exceed the sum of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). A defendant is not obliged to "research, state, and prove the plaintiff's claims for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994). A defendant can establish the amount in controversy by setting forth a plausible allegation in the notice of removal that the

amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *See Dart Cherokee*, 135 S. Ct. at 554 (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and evidentiary submissions are required only if "the plaintiff contests, or the court questions, the defendant's allegations"). "In measuring the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury [will] return[] a verdict for the plaintiff on all claims made in the complaint.'" *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quoting *Jackson v. American Bankers Ins. Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *3 (E.D. Cal. 2007) (original emphasis); *see also Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) ("In deciding the amount in controversy, the Court looks to what the plaintiff has alleged, not what the defendants will owe.").

22. Plaintiff's pleadings in this action fail to affirmatively disclose the amount in controversy or information from which Defendant could readily ascertain the amount in controversy without independent investigation and analysis. Plaintiff's pleadings are "indeterminate" as to whether federal jurisdiction under 28 U.S.C. § 1332(d) existed within the meaning of *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005) and *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121 (9th Cir. 2013).

23. Here, Defendant alleges there is more than $5,000,000 in controversy, not including costs and/or interest sought by Plaintiff. Defendant provides the following calculations only to demonstrate that the amount in controversy in this case easily exceeds the jurisdictional amount in controversy under CAFA jurisdiction. Defendant makes no admission of any liability or damages with respect to any aspect of this case, or to the proper legal test to be applied to Plaintiff's claims. Nor does Defendant waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiff prevail with respect to any of his claims.

24. <u>Failure to Provide Accurate Itemized Wage Statements</u>: Plaintiff alleges that Defendant, as a matter of uniform policy and practice, has failed to furnish Plaintiff and the Putative Class Members with accurate and complete itemized wage statements that included, among other requirements, all wages earned, all meal and rest period premium wages earned, total hours worked, and total hours worked at each rate of pay, in violation of Labor Code § 226. (FAC, ¶ 36.)

25. Under Cal. Labor Code § 226(e), an employee who suffers injury as a result of an intentional and knowing failure by his or her employer to provide complete and correct wage statements may recover $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent pay period, up to a maximum of $4,000.

26. Based on Plaintiff's FAC seeking up to $4,000 in penalties per Putative Class member, Defendant alleges that the amount in controversy is approximately $12,800,000 (3,200 x $4,000 = $12,800,000) based on the failure to provide accurate itemized wage statements cause of action alone. Thus, even excluding all attorneys' fees and all of the other unpaid wages, unpaid business expenses, and penalties Plaintiff seeks to recover on behalf of the Putative Class, the amount in controversy is more than double the minimum of $5,000,000 required by CAFA.

27. <u>Waiting Time Penalties</u>: Plaintiff also alleges that Defendant failed to pay timely wages to Plaintiff and the Putative Class members upon separation of employment, for which Defendant is allegedly liable for waiting time penalties equal to one workday's wages for each day the wages were not paid, up to a maximum of 30 days' wages. (FAC, ¶¶ 39-43).

28. Plaintiff's proposed Waiting Time Class is comprised of approximately 1,650 former employees in California during the three-year period prior to the filing of the Complaint. Using a conservative assumption that each former employee was paid at the hourly minimum wage in California in 2021 of $14, the amount in controversy for Plaintiff's claim for failure to timely pay wages to Plaintiff and the Putative Class Members upon separation of employment is approximately $5,544,000 (1,650 former employees x $112/day x 30 days.) Therefore, the amount in controversy exceeds the minimum of $5,000,000 required by CAFA based on Plaintiff's claim for waiting time penalties alone, as well.

29. <u>Plaintiff's Remaining Causes of Action</u>: In addition to the causes of action addressed above, Plaintiff also asserts causes of action for (1) minimum wage violations; (2) failure to pay meal period premiums at the regular rate of compensation; (3) rest period violations; (4) unfair competition; and (5) civil penalties under the Private Attorneys General Act.

30. Plaintiff alleges that Defendant utilized a timekeeping system which has resulted in Plaintiff and the Putative Class Members not being compensated for all hours worked. (FAC, ¶ 10). Plaintiff further alleges that Defendant rounded and/or time-shaved Plaintiff's and the Putative Class Members' time records such that they were not paid for all hours worked. (*Id.*) Plaintiff also alleges that Defendant failed to pay meal period premiums to Plaintiff and the Putative Class Members at one hour of their "regular rate of compensation" as required under Labor Code § 226.7. (*Id.*, ¶ 11). Plaintiff further alleges that Defendant failed to authorize and permit all rest periods to which Plaintiff and the Putative Class Members were entitled. (*Id.*, ¶ 12).

31. Based on the foregoing allegations, it would be reasonable for purposes of removal to assume a 100% violation rate, which would at least double the amount in controversy of approximately $18,344,000 detailed above. Consequently, Defendant alleges that the amount placed in controversy by Plaintiff is significantly greater than the jurisdictional minimum of $5,000,000 required by CAFA, both at the time of removal and at the institution of this civil action.

32. <u>Plaintiff's Claim for Attorneys' Fees</u>: For purposes of federal subject matter jurisdiction, "[t]he amount in controversy includes the amount of damages in dispute, as well as attorneys' fees, if authorized by statute or contract." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). The Ninth Circuit has held "that attorneys' fees were properly included in the amount in controversy in a class action." *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007) (abrogated on other grounds *by Standard Fire Ins. Co. v. Knowles*, 568 U.S. 558 (2013)). In *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018), the Ninth Circuit held that future attorneys' fees that are claimed, but not accrued at the time of removal, must be considered in the amount in controversy. Plaintiff's causes of action permit Plaintiff to recover attorneys' fees. *See* Cal. Lab. Code §§ 226 & 1194; *Klein v. City*

*of Laguna Beach*, 810 F.3d 693, 701 (9th Cir. 2016) ("[F]ederal courts apply state law for attorneys' fees to state claims because of the *Erie* doctrine."). Although not a per se rule (*see Fritsch*, 899 F.3d at 796, n.6), courts may use a 25% benchmark when calculating the attorneys' fees in controversy, including for claims arising under state law. *Rodriguez v. Cleansource, Inc.*, 2014 WL 3818304, at *4 (S.D. Cal. 2014); *Marshall v. G2 Secure Staff, LLC*, 2014 WL 3506608 (C.D. Cal. 2014); *Jasso v. Money Mart Exp., Inc.*, 2012 WL 699465 (N.D. Cal. 2012); *see also Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013); *see also Laffitte v. Robert Half Internat. Inc.*, 1 Cal. 5th 480, 483 (2016) (approving percentage of recovery measure of fees in common fund cases).

33. Based on the reasonable estimate of the amount in controversy placed at issue in the FAC outlined above, a 25% fee award would alone exceed the minimum amount in controversy of $5,000,000 required by CAFA.

34. The amount in controversy requirement for CAFA is therefore easily satisfied.

## NONE OF THE CAFA EXCEPTIONS APPLY

35. The CAFA statute includes a number of exceptions to its grant of original jurisdiction, contained in 28 U.S.C. §§ 1332(d)(3)–(5). However, none of these exceptions are applicable here.

36. The first is a discretionary exception under which a Court may decline to exercise jurisdiction if more than one-third of the putative class members are citizens of the state in which the action was filed *and* the primary Defendant is a resident of that state. 28 U.S.C. § 1332(d)(3). The second is a mandatory exception under which a Court shall decline to exercise jurisdiction if more than two-thirds of the putative class members are citizens of the state in which the action was filed *and* the primary Defendant is a resident of that state. 28 U.S.C. § 1332(d)(3).

37. Here, the action was filed in California and Defendant is a citizen of Washington and Delaware for purposes of removal, and not a citizen of California. Therefore, these exceptions do not apply.

38. Finally, 28 U.S.C. § 1332(d)(5) presents two additional exceptions for defendants who are government entities or putative classes which number less than 100 in the aggregate. 28

U.S.C.§§ 1332(d)(5)(A)–(B).  Given that Defendant is not a governmental entity, and the proposed class well exceeds 100 members, these exceptions also do not apply.

## SUPPLEMENTAL JURISDICTION

39. Under 28 U.S.C. § 1367(a):

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

40. To the extent the Court concludes it lacks original jurisdiction over any of Plaintiff's claims, it should exercise supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367(a), since each of Plaintiff's causes of action emanate from and form part of the same "case or controversy" as Plaintiff's other claims, such that they should all be tried in one action.  *See Nishimoto v. Federman-Backrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990).  Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims pleaded in the Plaintiff's FAC.  *See Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994); *see also Pinnock v. Solana Beach Do It Yourself Dog Wash, Inc.*, 2007 WL 1989635, at *3 (S.D. Cal. 2007).

41. Here, the Court has supplemental jurisdiction over Plaintiff's non-class PAGA claim, because those claims emanate from and form part of the same "case or controversy" as Plaintiff's class claims, such that they should all be tried in one action.  *See Nishimoto v. Federman-Backrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990).  Plaintiff's PAGA claim seeks to recover civil penalties arising from the same exact alleged wage and hour violations alleged in Plaintiff's class claims.  *See Thompson v. Target Corp.*, 2016 WL 4119937, at *12 (C.D. Cal. 2016) ("Plaintiff's PAGA and class claims concern the same misconduct by Defendant and the PAGA claim is therefore properly within the Court's supplemental jurisdiction.").  Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising

jurisdiction over all claims pleaded in the FAC. *See Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994); *see also Pinnock*, 2007 WL 1989635, at *3.

42. None of the exceptions to supplemental jurisdiction found in 28 U.S.C. § 1332(c) are applicable to this case. Plaintiff's PAGA claim does not raise novel or complex issues of State law different from the class claims, they do not substantially predominate over the named Plaintiff's individual claims, the class claims have not been dismissed, and there are no exceptional circumstances or compelling reasons for declining jurisdiction. The exceptions enumerated in 28 U.S.C. § 1332(c) are the exclusive grounds under which the Court may decline to exercise supplemental jurisdiction. *Exec. Software N. Am.*, 24 F.3d at 1556.

43. For these reasons the Court has supplemental jurisdiction over any claims pleaded by Plaintiff falling outside of the Court's original jurisdiction, including but not limited to Plaintiff's claim for civil penalties under PAGA, Labor Code §§ 2699, *et seq.* (FAC, ¶¶ 50-53.).

## TIMELINESS OF REMOVAL

44. Under 28 U.S.C. § 1446(b), there are "two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005).

45. When a pleading or paper is "indeterminate," a defendant is under no duty to investigate the facts showing the basis for removal, and the 28 U.S.C. § 1446(b) 30-day windows do not begin to run. *Id.* at 692–95. "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694. This reasoning was confirmed in *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013): "Even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document."

46.     It is well-settled that a pleading or paper that discloses grounds to remove on a basis other than CAFA does not start any deadline to remove under the jurisdiction conferred by CAFA. *See Kenny v. Wal-Mart Stores*, 881 F.3d 786, 791 (9th Cir. 2018) ("These general removal principles apply equally in the context of removals premised upon CAFA . . .'a defendant may remove a case from state court within thirty days of ascertaining that the action is removable under CAFA, even if an earlier pleading, document, motion, order, or other paper revealed an alternative basis for federal jurisdiction.'") (quoting *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1180 (9th Cir. 2015)); *see also Castro v. ABM Industries, Inc.*, 2017 WL 4682816, at *3 (N.D. Cal. Oct. 19, 2017) (finding that defendant timely removed upon learning the amount in controversy was over $5 million from plaintiff's trial plan). *Jordan* also confirms that CAFA must be construed liberally in favor of removal. *Id.* at 1183–84.

47.     *Roth* holds that the two 30-day windows in 28 U.S.C. § 1446(b) are not the exclusive times in which a defendant can remove. Thus, if a defendant never receives a pleading or other paper affirmatively disclosing the grounds for removal under CAFA, the defendant can remove under CAFA at any time. *Roth*, 720 F.3d at 1126 ("A CAFA case may be removed at any time, provided that neither of the two 30-day periods under § 1446(b)(1) and (b)(3) has been triggered."); *see also Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018) ("[W]e will not 'charge defendants with notice of removability until [they have] received a paper that gives them enough information to remove'"); *see also Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) ("[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time.").

48.     The only papers that start the second 30-day window under 28 U.S.C. § 1446(b) are those received from other parties in the litigation. *Calkins v. Google, Inc.*, 2013 WL 3556042, at *3 (N.D. Cal. 2013) ("[T]he plain language of the statute is clear that 'other paper' refers to a document received from another person or party in connection with the litigation."); *see also Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 284 (6th Cir. 2016) ("Every circuit to have addressed this issue has . . . adopted some form of a bright-line rule that limits the court's inquiry

to the clock-triggering pleading or other paper provided *by the plaintiff* to the defendant.") (original emphasis). That a defendant can discern or has discerned removability from its own records does not begin either of the non-exclusive 30-day windows for removal. *See Roth*, 720 F.3d at 1126; *see also Jakuttis v. Allstate Indem. Co.*, 2015 WL 3442083, at *4 (C.D. Cal., 2015) ("The crux of Plaintiff's argument for remand—that Defendant could have removed earlier based on information contained in its own records—is thus contradicted by Ninth Circuit case law.") The Ninth Circuit in *Harris*, 425 F.3d at 495, adopted the following rule from the Fourth Circuit: "We will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents *exchanged in the case by the parties* to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." (quoting *Lovern v. GMC*, 121 F.3d 160, 162 (4th Cir. 1997)) (emphasis added).

49.  None of Plaintiff's pleadings in this action, nor any other paper which Plaintiff served or delivered to Defendant, affirmatively disclosed a ground for CAFA removal. Thus, Defendant never received any pleading, motion, order, or other paper affirmatively disclosing that the amount in controversy in this action exceeds $5,000,000. Accordingly, the second 30-day window under 28 U.S.C. § 1446(b) has not yet started, and for the foregoing reasons, this Notice of Removal is timely and otherwise procedurally proper.

50.  Under 28 U.S.C. § 1446(c), an action "may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Plaintiff's Complaint was filed on January 24, 2023, which "commenced" this action under California law. Cal. Code Civ. Proc. § 761.010. This notice of removal filed on May 31, 2023 is therefore timely and does not run afoul of § 1446(c).

## JOINDER

51.  Defendant is not aware of any other defendant that exists and who has been named in the FAC or who has been served with a summons and the FAC. The only defendants named in

Plaintiff's FAC are Defendant and fictitiously named Doe defendants, whose presence is disregarded for purposes of removal.

### VENUE

52. Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c), and 1391.

### NOTICE TO PLAINTIFF AND STATE COURT

53. This Notice of Removal will be promptly served on Plaintiff and filed with the Superior Court of the State of California in and for the County of San Mateo.

54. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or filed by Defendant are attached hereto as **Exhibits A through N.**

55. In the event this Court has any question regarding the Notice of Removal, Defendant requests that the Court issue an Order to Show Cause so that Defendant may have an opportunity to fully brief the basis for this removal and address any questions the Court may have.

WHEREFORE, having provided notice as is required by law, the above-entitled action is removed from the Superior Court for the County of San Mateo to this Court.

Dated: May 31, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Paul S. Cowie*
PAUL S. COWIE
PATRICIA M. JENG
JOHN ELLIS
MELISSA HUGHES
HYUNKI (JOHN) JUNG
Attorneys for Defendant
MCGEE AIR SERVICES, INC.