**Exhibit A**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MCGEE AIR SEVICES, INC.; and DOES 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DARIUS PRICE, as an individual and on behalf of all
others similarly situated

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON 1/24/2023
By    /s/ Jennifer Torres
**Deputy Clerk**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:** 23-CIV-00342
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| DATE: 1/24/2023 | Neal I. Taniguchi | Clerk, by | /s/ Jennifer Torres | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**Exhibit B**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TUVIA KOROBKIN, ESQ. (SBN#268066) ABRAMSON LABOR GROUP 11846 VENTURA BLVD., STE. 100; STUDIO CITY, CA 91604 | |

TELEPHONE NO.: (213) 493-6300     FAX NO. *(Optional):* (213) 723-2522
E-MAIL ADDRESS: tuvia@abramsonlabor.com
ATTORNEY FOR *(Name):* DARIUS PRICE

**Electronically FILED**
by Superior Court of California, County of San Mateo
ON 1/24/2023
By /s/ Jennifer Torres
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN MATEO**
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS:
CITY AND ZIP CODE: REDWOOD CITY 94063
BRANCH NAME: SOUTHERN BRANCH

CASE NAME:
PRICE V. MCGEE AIR SERICES, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER 23-CIV-00342 |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 1/24/2022
Tuvia Korobkin
_____              ►              _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**Exhibit C**

1  Tuvia Korobkin, Esq. # 268066
tuvia@abramsonlabor.com
2  W. Zev Abramson, Esq. # 289387
wza@abramsonlabor.com
3  Rijenea Appling, Esq. # 346329
rijenea@abramsonlabor.com
4  **ABRAMSON LABOR GROUP**
11846 Ventura Boulevard, Suite 100
5  Studio City, California 91604
Tel:     (213) 493-6300
6  Fax:    (213) 723-2522

7  Attorneys for Plaintiff

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON                 1/24/2023
By_____ **/s/ Jennifer Torres**
                  Deputy Clerk

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

## FOR THE COUNTY OF SAN MATEO

10

11  DARIUS PRICE, on behalf of himself and all
others similarly situated,
12

Case No. _____

13                         Plaintiff,

14             vs.

15

16

17  MCGEE AIR SERVICES, INC.; and DOES 1
through 100, inclusive,
18                 Defendants.

19

20

21

22

23

24

23-CIV-00342

**CLASS ACTION COMPLAINT FOR:**

**(1)  MINIMUM WAGE VIOLATIONS
      (LABOR CODE §§ 204, 1182.12,
      1194, 1194.2, 1197, 1198);**

**(2)  FAILURE TO PAY MEAL PERIOD
      PREMIUMS AT THE REGULAR
      RATE OF COMPENSATION
      (LABOR CODE §§ 226.7, 1198);**

**(3)  REST PERIOD VIOLATIONS
      (LABOR CODE §§ 226.7, 516, 1198);**

**(4)  WAGE STATEMENT VIOLATIONS
      (LABOR CODE § 226, *et seq.*);**

**(5)  WAITING TIME PENALTIES
      (LABOR CODE §§ 201-203);**

**(6)  UNFAIR COMPETITION (BUS. &
      PROF. CODE § 17200, *et seq.*).**

**DEMAND FOR JURY TRIAL
UNLIMITED CIVIL CASE**

25

26

27

28

1

Plaintiff Darius Price ("Plaintiff"), on behalf of himself and all others similarly situated, hereby brings this Class Action Complaint against McGee Air Services, Inc.; and Does 1 through 100, inclusive (collectively, "Defendants"), and on information and belief alleges as follows:

## JURISDICTION

1.     Plaintiff, on behalf of himself and all others similarly situated, hereby brings this class action for recovery of unpaid wages and penalties under California Business and Professions Code section 17200, *et. seq.*; Labor Code sections 201-204, 226, 226.7, 516, 1182.12, 1194, 1194.2, 1197, 1198; and Industrial Welfare Commission Wage Order No. 9 ("Wage Order 9"), in addition to seeking declaratory relief and restitution.  This class action is brought pursuant to California Code of Civil Procedure section 382. This Court has jurisdiction over Defendants' violations of the California Labor Code because the amount in controversy exceeds this Court's jurisdictional minimum.

## VENUE

2.     Venue is proper in this judicial district pursuant to Code of Civil Procedure §§ 395(a) and 395.5, as at least some of the acts and omissions complained of herein occurred in San Mateo County.  Defendants own, maintain offices, transact business, have an agent or agents within San Mateo County, and/or otherwise are found within San Mateo County, and Defendants are within the jurisdiction of this Court for purposes of service of process.

## PARTIES

3.     Plaintiff is an individual over the age of eighteen (18).  At all relevant times herein, Plaintiff was, and currently is, a California resident. During the four years immediately preceding the filing of this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed by California Labor Code §§ 201-204, 226, 226.7, 516, 1182.12, 1194, 1194.2, 1197, 1198; Business & Professions Code § 17200, *et seq.* (Unfair Competition); and Wage Order 9, which sets employment standards for the transportation industry.

4.      Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of this lawsuit and continuing to the present, Defendants did (and do) business as an airport and airline service company, and that they employed Plaintiff and/or other similarly situated non-exempt employees in San Mateo County and the state of California.

5.      Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 through 100, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed and believes, and thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes (as defined in Paragraph 15) to be subject to the unlawful employment practices, wrongs, injuries, and damages complained of herein.

6.      Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all Class members.

7.      At all times herein mentioned, each of said Defendants participated in the acts herein alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each of the acts or omissions alleged herein.

8.      At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise.  Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all Class Members (as defined in Paragraph 15).

## **GENERAL FACTUAL ALLEGATIONS**

9.      Plaintiff was employed by Defendants as a non-exempt employee from approximately November 2020 until approximately March 2022.

3

10.     During Plaintiff's employment with Defendants, Defendants utilized a timekeeping system which has resulted in Plaintiff and other non-exempt employees not being compensated for all hours worked. Specifically, for at least a portion of the putative class period, Defendants have required Plaintiff and other non-exempt employees to clock in and out using an electronic or digital timekeeping system, and recorded their hours worked to the minute. However, Defendants have rounded and/or time-shaved Plaintiff's and other non-exempt employees' time records such that they are not paid for all hours worked. For example, on March 2, 2022, Plaintiff's time records indicate that he clocked in at 3:56 p.m., clocked out for lunch at 7:17 p.m. (and thus worked 3 hours 21 minutes, or 3.35 hours, prior to lunch), and that he clocked back in from lunch at 7:47 p.m. and clocked out for the day at 12:32 a.m. (and thus worked 4 hours 45 minutes, or 4.75 hours, after lunch, for a total of 8.1 hours). However, rather than paying Plaintiff's hours worked to the minute, Defendants rounded Plaintiff's clock in time to 4:00 p.m. and paid him for only 3.28 hours prior to lunch, and rounded his clock-out time to 12:30 a.m. and paid him for only 4.72 hours after lunch. Defendants therefore only paid Plaintiff for exactly 8.0 hours that workday, under-paying Plaintiff by 6 minutes (0.1 hours) on that workday. Overall, during the workweek of February 27 to March 5, 2022, Defendants underpaid Plaintiff by about 18 minutes due to this rounding/time-shaving practice. On information and belief, Defendants' practice of rounding and/or time-shaving Plaintiff's and other non-exempt employees' time records was in a manner that resulted in Plaintiff and other non-exempt employees not being paid for all hours worked. As a result of this policy/practice, Plaintiff and other non-exempt employees have not been paid at least the minimum wage for all hours worked.

11.     Defendants have also failed to pay meal period premiums to Plaintiff and other non-exempt employees at one hour of their "regular rate of compensation" as required under Labor Code § 226.7. The California Supreme Court has held that the terms "regular rate of pay" used in Labor Code § 510 and "regular rate of compensation" used in Labor Code § 226.7 are synonymous, and therefore, just as bonuses and other remuneration must be incorporated into the "regular rate of pay" when calculating overtime pay, they must also be incorporated into the "regular rate of compensation" when calculating meal and rest period premiums under Labor

4

Code § 226.7. *See Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal.5th 858, 862 (2021) (holding "that the terms are synonymous: 'regular rate of compensation' under section 226.7(c), like 'regular rate of pay' under section 510(a), encompasses all nondiscretionary payments, not just hourly wages.") When paying meal period premiums, which were denoted as "Meal Penalty" on wage statements, Defendants have failed to incorporate bonuses and other pay that may not be excluded from the regular rate (those forms of pay are hereinafter collectively referred to as "Incentive Pay") and have thereby underpaid Plaintiff and other non-exempt employees their meal period premium wages. For example, throughout Plaintiff's employment he was paid production bonuses coded as "Opr Bonus" and also was paid meal period premiums, but Defendants generally paid Plaintiff's meal period premiums at his *base* rate of pay, and failed to incorporate the bonuses earned by Plaintiff in the meal period premiums. On information and belief, "Opr Bonus" was a quarterly bonus paid to Plaintiff and other non-exempt employees based on employees meeting objective production or performance criteria. As such, these bonuses should have been incorporated retroactively into the regular rate of compensation for the time period in which they were earned, and incorporated into the calculation of meal period premiums. Defendants failed to do so. As a result of Defendants' failure to incorporate Incentive Pay into the regular rate of compensation, Plaintiff and other non-exempt employees have been underpaid their meal period premiums under Labor Code § 226.7.

12. Defendants have also failed to authorize and permit all rest periods to which Plaintiff and other non-exempt employees have been entitled. Specifically, the workload placed upon Plaintiff and other non-exempt employees sometimes prevented them from taking an off-duty, 10-minute rest period for each work period of 4 hours or major fraction thereof. Plaintiff's and other non-exempt employees' rest periods were also interrupted, rendering them less than 10 minutes of net rest time. Despite failing to authorize and permit legally compliant rest periods to Plaintiff and other non-exempt employees, Defendants failed to pay the rest period premiums required by Labor Code § 226.7. Upon information and belief, during at least a portion of the putative class period, Defendants maintained no payroll code or other mechanism for paying rest period premiums when Defendants failed to authorize and permit a legally compliant rest period.

13.     As a result of Defendants' failure to pay for all hours worked, as well as its failure to properly pay all meal and rest period premium wages owed, Defendants have issued inaccurate wage statements to Plaintiff and other non-exempt employees.

14.     As a further result of Defendants' failure to pay all earned wages (including but not limited to minimum wages), as well as Defendants' failure to properly pay meal and rest period premium wages at Plaintiff's regular rate of compensation, Defendants failed to pay all wages owed to Plaintiff and other formerly employed non-exempt employees at the separation of their employment.

## CLASS ACTION ALLEGATIONS

15.     Class Definitions[1]: Plaintiff bring this action on behalf of himself and the following Classes pursuant to Section 382 of the Code of Civil Procedure:

i.     The Minimum Wage Class consists of all of Defendants' current and former non-exempt employees in California who were subject to Defendants' timekeeping practices, at any time from four years prior to the filing of this action through the present.

ii.     The Meal Period Premium Underpayment Class consists of all of Defendants' current and former non-exempt employees in California who received a meal period premium and also received Incentive Pay in a corresponding quarter or pay period, at any time from four years immediately preceding the filing of this action through the present.

iii.     The Rest Period Class consists of all of Defendants' current and former non-exempt employees in California who worked at least one shift of 3.5 hours or more, at any time from four years immediately preceding the filing of this action through the present.

iv.     The Wage Statement Class consists of all members of the Minimum Wage Class, Meal Period Premium Underpayment Class, and/or Rest Period Class who received a wage statement at any time from one year immediately preceding the filing of this lawsuit through the present.

---

[1] A prior class action settlement in *Ferdinand Batin, et al. v. McGee Air Services, Inc., et al*, Santa Clara Superior Court Case No. 19CV347733, resolved the Labor Code violations alleged herein through February 6, 2021. Thus, for those class members who were Participating Class Members in *Batin*, the putative class period begins on February 7, 2021.

Class Action Complaint

v.      The <u>Waiting Time Class</u> consists of all formerly-employed members of the Minimum Wage Class, Meal Period Premium Underpayment Class, and/or Rest Period Class whose employment with Defendants ended at any time from three years immediately preceding the filing of this lawsuit through the present.

16.     **Numerosity/Ascertainability:** The members of the Classes are so numerous that joinder of all members would be unfeasible and impracticable. The membership of the Classes is unknown to Plaintiff at this time; however, it is estimated that the Classes number greater than fifty (50) individuals in each Class. The identity of such membership is readily ascertainable via Defendants' employment records.

17.     **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

i.      Whether Defendants paid the Minimum Wage Class at least the minimum wage for all hours worked;

ii.     Whether Defendants paid meal period premiums to members of the Meal Period Premium Underpayment Class at the regular rate of compensation;

iii.    Whether Defendants authorized and permitted legally compliant rest periods to members of the Rest Period Class;

iv.     Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code § 226; and

vi.     Whether Defendants paid all wages due to members of the Waiting Time Class at the time of separation of employment.

18.     **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' timekeeping, wage statement, meal period premium payment, and rest period policies/practices.  As such, the

7

common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

19. **Typicality:** Plaintiff's claims are typical of the Classes' claims because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitation applicable to each cause of action pled in this Complaint.  As alleged herein, Plaintiff, like Class members, has been deprived of all earned wages, has been subject to Defendants' meal period premium and rest period policies/practices, has been furnished inaccurate wage statements, and was not paid all wages owed at termination.

20. **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent Plaintiff and the members of the Classes. Plaintiff's attorneys have prosecuted numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

21. **Superiority:** The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.  The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer

for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes identified in Paragraph 15 are maintainable under Code Civ. Proc. § 382 of the Code of Civil Procedure.

## **FIRST CAUSE OF ACTION**

### **MINIMUM WAGE VIOLATIONS**

### **(AGAINST ALL DEFENDANTS)**

22.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

23.     Wage Order 9, § 4 and Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked in amounts set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon. As alleged herein, Defendants have failed to conform their pay practices to the requirements of the law by failing to pay Plaintiff and the Minimum Wage Class for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the Labor Code and Wage Order 9.

24.     Labor Code § 1198 makes unlawful the employment of an employee under conditions that the IWC prohibits. Labor Code §§ 1194(a) and 1194.2(a) provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the

9

balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due, and interest thereon.

25.   As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and the Minimum Wage Class have sustained economic damages, including but not limited to unpaid wages and interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and other appropriate relief as a result of Defendants' violations of the Labor Code and Wage Order 9.

26.   Defendants' practice and uniform administration of company policy regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and the Minimum Wage Class in a civil action for the unpaid amount of minimum wages, liquidated damages, interest thereon, statutory penalties, and attorneys' fees and costs of suit according to Labor Code §§ 204, 218.6, 558, 1194, 1194.2, 1197, 1198, and Code of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY MEAL PERIOD PREMIUMS AT REGULAR RATE OF COMPENSATION

## (AGAINST ALL DEFENDANTS)

27.   Plaintiff re-alleges and incorporate by reference all previous paragraphs.

28.   At all relevant times, Defendants have been required to pay meal period premiums at employees' "regular rate of compensation" pursuant to Labor Code § 226.7. "Regular rate of compensation" is synonymous with "regular of pay" as used in Labor Code § 510.  Thus, meal period premiums must be calculated in the same manner as the "regular rate of pay" is calculated for overtime purposes, and must incorporate the value of Incentive Pay.

29.   As alleged herein, Defendants failed to incorporate the value of Incentive Pay, and otherwise failed to accurately calculate the regular rate of compensation, when calculating meal period premiums for Plaintiff and members of the Meal Period Premium Underpayment Class, and thus underpaid Plaintiff and members of the Meal Period Premium Underpayment Class for their meal period premium wages due under Labor Code § 226.7.

///

Class Action Complaint

30.     As a result of the foregoing, Plaintiff and members of the Meal Period Premium Underpayment Class are entitled to the amount of underpayment of meal period premium wages, including interest thereon, statutory penalties, civil penalties, and costs of suit according to Labor Code §§ 226.7, 558; Code of Civil Procedure § 1021.5; Civil Code § 3287; and Art. XV, § 1 of the California Constitution.

### THIRD CAUSE OF ACTION

### REST PERIOD VIOLATIONS

### (AGAINST ALL DEFENDANTS)

31.     Plaintiff re-alleges and incorporate by reference all previous paragraphs.

32.     Labor Code §§ 226.7 and 516, and Wage Order 9, § 12 establish the right of employees to be authorized and permitted a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

33.     As alleged herein, Defendants have failed to authorize and permit Plaintiff and Rest Period Class members to take their legally mandated rest periods. Defendants have also failed to compensate Plaintiff and Rest Period Class members with a rest period premium for each rest period to which they were entitled while working.

34.     The foregoing violations create an entitlement to recovery by Plaintiff and Rest Period Class members in a civil action for the unpaid amount of rest period premiums owing, interest thereon, statutory penalties, civil penalties, and costs of suit according to Labor Code §§ 226.7, 516, 558; Code of Civil Procedure § 1021.5; Civil Code § 3287; and Art. XV, § 1 of the California Constitution.

### FOURTH CAUSE OF ACTION

### WAGE STATEMENT VIOLATIONS

### (AGAINST ALL DEFENDANTS)

35.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

36.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally, as a matter of uniform policy and practice, have failed to furnish Plaintiff and the Wage Statement Class with accurate and complete itemized wage statements that

11

included, among other requirements, all wages earned, all meal and rest period premium wages earned, total hours worked, and total hours worked at each rate of pay, in violation of Labor Code § 226.

37.     Defendants' failure to furnish Plaintiff and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in injury, as said failures led to, *inter alia*, the non-payment of all their minimum wages and meal and rest period premium wages, reported inaccurate information regarding actual hours worked, and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

38.     Defendants' failures create an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226, including statutory penalties, civil penalties, and reasonable attorneys' fees and costs of suit pursuant to California Labor Code §§ 226 and 226.3.

## FIFTH CAUSE OF ACTION
### WAITING TIME PENALTIES
### (AGAINST ALL DEFENDANTS)

39.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

40.     This cause of action is brought pursuant to Labor Code §§ 201-203, which require an employer to pay all wages immediately at the time of separation of employment in the event the employer discharges the employee, or the employee provides at least 72 hours of notice of their intent to quit. In the event the employee provides less than 72 hours of notice of their intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

41.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to timely pay Plaintiff and members of the Waiting Time Class all final wages due to them at their separation from employment, including (but not limited to) unpaid earned minimum wages, and unpaid meal and rest period premium wages.

42.     Further, Plaintiff is informed and believes, and based thereon alleges, that as a matter of uniform policy and practice, Defendants continue to fail to pay Plaintiff and members

of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203.

43.    Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203. Defendants' willful failure to timely pay Plaintiff and Waiting Time Class members their earned wages upon separation from employment results in a continued payment of daily wages up to thirty days from when the wages were due. Plaintiff and Waiting Time Class members are entitled to compensation per Labor Code § 203, plus reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (AGAINST ALL DEFENDANTS)

44.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

45.    Defendants have engaged, and continue to engage, in unfair and/or unlawful business practices in violation of Business & Professions Code § 17200, *et seq.*, by failing to pay Plaintiff and the Classes all wages due, failing to provide meal periods or pay meal period premiums, failure to authorize and permit rest periods or pay rest period premiums, and failing to furnish accurate and complete itemized wage statements in violation of Labor Code § 226.

46.    Defendants' utilization of these unfair and/or unlawful business practices has deprived Plaintiff and members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

47.    Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for himself, and on behalf of the members of the Classes, seeks full restitution of monies as necessary and according to proof, to restore all monies withheld, acquired, and/or converted by Defendants pursuant to Business & Professions Code §§ 17203 and 17208.

48.    The acts complained of herein occurred within the four years immediately preceding the filing of this action.

///

49.     Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendants' current non-exempt employees, and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which he is entitled to recover under Code of Civil Procedure § 1021.5.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, as follows:

1.     For an order certifying the proposed Classes;

2.     For an order appointing Plaintiff as representative of the Classes;

3.     For an order appointing counsel for Plaintiff as counsel for the Classes;

4.     Upon the First Cause of Action, for payment of minimum wages, liquidated damages, and penalties according to proof pursuant to Labor Code §§ 1182.12, 1194, 1194.2, and 1197;

5.     Upon the Second Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7, 512, and 1198;

6.     Upon the Third Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 1198;

7.     Upon the Fourth Cause of Action, for statutory penalties pursuant to Labor Code § 226, *et seq.*;

8.     Upon the Fifth Cause of Action, for statutory waiting time penalties pursuant to Labor Code §§ 201-203;

9.     Upon the Sixth Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200, *et seq.*;

10.     Prejudgment interest on all due and unpaid wages pursuant to California Labor Code §§ 218.6, 1194(a); Civil Code § 3287; and Art. XV, § 1 of the California Constitution;

11. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 226(e), 1194 *et seq.*, and Code of Civil Procedure § 1021.5; and

12. For such other and further relief the Court may deem just and proper.

Date: January 20, 2023

Respectfully submitted,
ABRAMSON LABOR GROUP

By: _____
Tuvia Korobkin
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: January 20, 2023

Respectfully submitted,
ABRAMSON LABOR GROUP

By: _____
Tuvia Korobkin
Attorneys for Plaintiff

Class Action Complaint

**Exhibit D**

Tuvia Korobkin, Esq. # 268066
tuvia@abramsonlabor.com
W. Zev Abramson, Esq. # 289387
wza@abramsonlabor.com
Jack J. Gindi, Esq. # 293739
jack@abramsonlabor.com
**ABRAMSON LABOR GROUP**
11846 Ventura Boulevard, Suite 100
Studio City, California 91604
Tel:      (213) 493-6300
Fax:     (213) 723-2522

*Attorneys for Plaintiff*

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON       2/3/2023
By_____ /s/ Vanessa Jimenez
                    Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| DARIUS PRICE, on behalf of himself and all others similarly situated,<br><br>                   Plaintiff,<br><br>     vs.<br><br>MCGEE AIR SERVICES, INC.; and DOES 1 through 100,<br><br>                  Defendants. | Case No. 23-CIV-00342<br><br>**CLASS ACTION - COMPLEX**<br><br>*[Assigned for All Purposes to Hon. Robert D. Foiles, Dept. 21]*<br><br><br>**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER & DECLARATION IN SUPPORT THEREOF PURSUANT TO C.C.P 170.6** |

1

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

1.     I am an attorney for a party to this action or special proceeding. The Honorable Robert D. Foiles, the judicial officer before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

2.     This judicial officer has not presided over a hearing, motion, or other proceeding in the past in this case.

3.     Pursuant to the provision of Code of Civil Procedure section 170.6, I request that this case be assigned to another judicial officer for further proceedings.

4.     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Dated: February 3, 2023          By: _____

                                                    Tuvia Korobkin, Declarant
                                                    Attorney for Plaintiff Darius Price

**Exhibit E**



**SUPERIOR COURT OF SAN MATEO COUNTY**
Complex Civil Litigation
www.sanmateocourt.org



**FILED**
SAN MATEO COUNTY

FEB 0 3 2023

Clerk of the Superior Court

By

DEPUTY CLERK

**Darius Price**
Plaintiffs,

**vs**

**McGee Air Services Inc; DOES 1 THROUGH 100, INCLUSIVE**
Defendants.

Case No. 23-CIV-00342
CLASS ACTION

Assigned for All Purposes to
Hon. Robert D Foiles, Dept. 21

**CASE MANAGEMENT ORDER #1**

Pursuant to the Notice of Assignment for All Purposes, Designation as Complex Case, Setting of Case Management Conference, and Complex Fees Due filed 01/24/23, designating this matter as a complex action, and single assigning to the Honorable Robert D Foiles in Department 21 of this Court,

IT IS HEREBY ORDERED as follows:

1. **Assigned Department Information:** To schedule a Law and Motion Hearing, please see Local Rule 3.402 or visit the assigned Judicial Officer's webpage at www.sanmateocourt.org/civiljudges. Complex cases are generally heard on Friday afternoons at 2:00 p.m. Contact information for your assigned department is as follows:

| | |
|---|---|
| Department 21 Phone: | (650) 261-5121 |
| Department E-Mail: | dept21@sanmateocourt.org |
| Complex Case E-Mail: | complexcivil@sanmateocourt.org |

2. **Correspondence** to the Department of the assigned Civil Judge, such as requests to take matters off calendar and requests for rescheduling, regarding complex civil actions shall be submitted electronically, rather than paper, by e-mail addressed to complexcivil@sanmateocourt.org AND dept21@sanmateocourt.org. All e-correspondence **must be sent in at least 12 point type**. This email address is for the Department of the assigned Civil Judge to receive correspondence regarding complex civil cases, and is not a venue for back-and-forth communications with the judge. Communications to this email address are not part of the official court files – just like a paper letter, they are not "filed" documents – and will be retained for at least 30 days and then be subject to deletion (destruction) thereafter. All communications to the complexcivil@sanmateocourt.org and/or dept21@sanmateocourt.org email address MUST include in the header "subject line" the **Case Number and Name of Case** (e.g., CIV 654321 Smith v. Jones).

1

3.  **Electronic Service.**  Pursuant to Code of Civil Procedure Section 1010.6(c), and California Rules of Court, Rule 2.253(c) and Rule 2.251(c), all parties and their counsel shall serve all documents electronically, and accept service of documents electronically from all other parties, in conformity with Code of Civil Procedure Section 1010.6 and the California Rules of Court, except when personal service is required by statute.  Counsel for the parties shall meet and confer, agree upon, and keep updated, an e-service list for this complex civil action.  The parties are reminded that electronic service of documents may extend time periods for response by two (2) court days, pursuant to Code of Civil Procedure Section 1010.6(a)(4)(B).

4.  Mandatory E-Filing.  Pursuant to Code of Civil Procedure Section 1010.6(c), all parties shall file all documents electronically in this complex civil action, except those documents identified in Local Rule 2.1.8.  Presently, the following documents must still be filed/lodged in hardcopy paper:

> Ex Parte Motions and Oppositions thereto
>
> Stipulation and Proposed Order
>
> Proposed Judgments
>
> Abstract of Judgment
>
> Appeal Documents, including Notice of Appeal
>
> Administrative Records

The document (other than exhibits) must be text searchable.  Please visit www.sanmateocourt.org for further information on e-filing.  Please note that exhibits to any electronically filed briefs, declarations or other documents must be electronically "bookmarked" as required by CRC Rule 3.1110(f)(4).

5.  **Courtesy Copies for Department 21**.  A courtesy copy of all pleadings, motions, applications, briefs, and any and all other papers **filed** in this case **shall** be (1) electronically served upon Department 21 at email address complexcivil@sanmateocourt.org.  PLEASE ADD DEPARTMENT 21 TO YOUR **E-SERVICE** SERVICE LIST IN THE CASE AS TO ANY AND ALL PAPERS FILED WITH THE COURT.  All motions and briefs shall conform with the California Rules of Court, especially Rule 3.1113, and indicate on the caption page that this matter is assigned for all purposes to Department 21.

6.  **Obtain Hearing Date Pre-filing**.  As to any and all motions or other matters requiring a hearing, the hearing date shall be obtained directly from and approved by Department 21 by sending an email to complexcivil@sanmateocourt.org AND dept21@sanmateocourt.org, (and not with the Civil Clerk's Office) **prior** to filing of the moving papers or other initial filings.

7.  **Proposed Orders**.  Proposed Orders should be e-filed with the motion or stipulation to which it relates in conformity with CRC Rule 3.1312(c).  You must also email an editable version of the

Proposed Order in Word format (not PDF) to complexcivil@sanmateocourt.org so that the judge can modify it prior to signing, if needed.

      **8.   Ex Parte Motions.**  Presently, due to the Covid 19 Pandemic, no in-person ex parte appearances are permitted – until further order of the court – and any ex parte appearances must be pre-schedule with Department 21 and pre-organized by the moving party for remote appearance by all involved parties and the Court.  Ex parte applications in this matter shall heard by Department 21, **on Mondays and Thursdays at 1:30 p.m.,** and the parties must meet the requirements of CRC Rule 3.120 et seq..  With the consent of counsel for all parties, telephone conferences on simple interim case management matters may be scheduled with the Court for a mutually convenient time and date – with the scheduling and logistics of such telephone conferences to be the responsibility of the requesting party/parties.

      **9.   E-Service of Discovery**.  All discovery methods (C.C.P. § 2019.010), including but not limited to notice of deposition, special interrogatories, form interrogatories, requests for production of documents, and requests for admissions, shall be served electronically upon counsel for the parties.  All discovery responses by a party in response to a discovery method by another party shall be served electronically upon counsel for the parties.  Production of documents shall be provided in electronic form, unless the parties agree otherwise in writing.  If not previously established, counsel for the parties shall meet and confer regarding possible establishment of a joint electronic document depository for the uploading and downloading of electronic document productions.

      **10. Informal Discovery Conferences.**

      a.   Pursuant to Code of Civil Procedure Section 2016.080, and the authority of a complex civil judge under CRC Rule 3.750, no party may move to compel discovery, or file any other discovery motion, until the parties have had an Informal Discovery Conference.  Counsel must have exhausted all meet and confer obligations before the Informal Discovery Conference.  To request an Informal Discovery Conference, counsel should contact the Court by email at dept21@sanmateocourt.org AND ComplexCivil@sanmateocourt.org, which email must be contemporaneously copied to counsel for all parties to the action and any self-represented parties.  Pursuant to Code of Civil Procedure Section 2016.080(c)(2), the time for bringing any motion to compel is tolled starting on the date a party makes the email request for an Informal Discovery Conference to the Court.  All requests for Informal Discovery Conference must be made well prior to the expiration of the statutory time to bring a motion to compel or other discovery motion.

      b.   Within five (5) calendar days of the initial email request to the Court for an Informal Discovery Request, the disputing parties shall, jointly or separately, email correspondence to the Court at ComplexCivil@sanmateocourt.org and dept21@sanmateocourt.org, and contemporaneously to all parties, an electronic letter of no more than five (5) pages, without attachments, summarizing the discovery dispute(s).

c.  The parties involved in the discovery dispute **shall not** file any "meet and confer" declarations pursuant to Code of Civil Procedure Sections 2016.040 or 2016.080(b) prior to the Informal Discovery Conference.  The dispute will be addressed by the e-correspondence method/procedure set forth above.

d.  The procedures outlined above apply to parties.  With regard to discovery disputes with non-parties, the non-parties may elect to participate in this procedure, but are not required to do so.

**11.   No Discovery Motion Separate Statement.**  As to any discovery motions, the parties are relieved of the statutory obligation under CRC Rule 3.1345, and thus need not (should not) file a separate statement – instead the subject discovery requests (or deposition questions) and written responses (or deposition answers or objections) must be attached to the supporting declaration on the discovery motion.

**12.   Limit to 35.**  Given the nature of this complex civil action, the Court views document production and depositions as the most effective means of discovery for adjudication.  Accordingly, no party may propound more than 35 special interrogatories total and no party may propound more than 35 requests for admissions (other than as to the authenticity of documents) total, without prior court order after demonstration of need and a showing that other means of discovery would be less efficient.

**13. No Appendix of Non-California Authorities.**  Pursuant to CRC Rule 3.1113(i), the Complex Civil Department, Dept. 2, does not require any appendix of non-California authorities, unless specifically stated by the Court as to a particular motion.

**14. Case Management Conference.**  The initial Case Management and Trial Conference set for 05/01/23 is VACATED.  The initial Complex Case Management Conference is set **for 05/26/23 at 2:00 pm** in Department 21 of this Court, located at Courtroom 2J, 400 County Center, Redwood City, California.  Counsel for all parties shall meet and confer on all matters set forth in California Rules of Court Rule 3.750 and Rule 3.724(8).  **All appearances shall be remote only, using Zoom.**

**15.** In anticipation of the Case Management Conference, counsel for the parties should be prepared to discuss at the hearing and file written case management conference statements **(in prose and details, not using the standardized Judicial Council form)** with a courtesy copy delivered directly to Department 21 five days before the hearing. It should address the following:

a.  Status of the Pleadings and service of process upon all named parties;

b.  Status of Discovery, including the initial production of documents by all parties, and depositions of the Plaintiff and of Defendant's PMK(s);

c.  Status of Settlement or Mediation;

d.  Conclusions reached after meet and confer on all matters set forth in CRC Rule 3.750 and Rule 3.724(8);

e.  Proposed briefing schedule and hearing date on Plaintiff's Motion for Class Certification, and what specific discovery is still needed to prepare the motion or opposition;

f.  Any anticipated motions and proposed briefing schedule;

g.  Setting of next CMC date; and

h.  Any other matters for which the parties seek Court ruling or scheduling.

**16.** Discovery is not stayed.


DATED:  2/3/23

HON. ROBERT D FOILES
JUDGE OF THE SUPERIOR COURT



**SUPERIOR COURT OF SAN MATEO COUNTY**

| 400 County Center | 800 North Humboldt Street |
|---|---|
| Redwood City, CA 94063 | San Mateo, CA 94401 |

(650) 261-5100
www.sanmateocourt.org

**AFFIDAVIT OF MAILING**

# FILED
## SAN MATEO COUNTY
2/3/2023

**Clerk of the Superior Court**
/s/ Alexandrina Ortega
DEPUTY CLERK

| Date: | 2/3/2023 |
|---|---|
| In the Matter of: | Darius Price vs McGee Air Services Inc |
| Case No.: | 23-CIV-00342 |
| Documents: | **Case Management Order #1** |

The documents were served by the following means:

____ **By U.S. Mail.**  I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed below and deposited the sealed envelope with the Unites States Postal Service, with the postage fully prepaid.

**X**  Placed the envelope for collection and mailing, following the Court's ordinary business practices.  I am readily familiar with this business' practice for collecting and processing correspondence for mailing.   On the same day the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Executed on: 2/3/2023

Neal I Taniguchi, Court Executive Officer/Clerk

By:  /s/ Alexandrina Ortega

Alexandrina Ortega, Deputy Clerk

Copies Mailed To:

MCGEE AIR SERVICES INC
580 NACHES AVE., SW 100
RENTON, WA 98057

TUVIA KOROBKIN
ABRAMSON LABOR GROUP
11846 VENTURA BOULEVARD, SUITE 100
STUDIO CITY, CA 91604

Rev. Jun. 2016

**Exhibit F**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| DARIUS PRICE, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MCGEE AIR SERVICES, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 23-CIV-00342<br><br>Assigned for All Purposes to Hon. Danny Y. Chou<br><br>**CASE MANAGEMENT ORDER #2**<br><br>**FILED**<br>SAN MATEO COUNTY<br><br>MAR 0 2 2023<br><br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

Pursuant to the order entered on February 10, 2023 assigning this case – which had been previously designated as complex – for all purposes to Judge Danny Y. Chou in Department 22 of this Court, IT IS HEREBY ORDERED as follows:

### GENERAL MATTERS

1. All parties are expected to be familiar with the San Mateo County Superior Court Local Rules, the California Rules of Court (CRC), and the Deskbook on the Management of Complex Civil Litigation.

2. All counsel are expected to adhere to the provisions of the California Attorney Guidelines of Civility and Professionalism (State Bar of the State of California, adopted July 20, 2007) – available at http://www.calbar.ca.gov/Portals/0/documents/ethics/Civility/Atty-Civility-Guide-Revised_Sept-2014.pdf).

3. The Court expects all counsel to communicate regularly with each other about hearing dates, progress of the case, and settlement possibilities. Meeting and conferring with opposing counsel on procedural and substantive issues is required.

4. Continuances of hearing and trial dates are discouraged. But if a continuance is necessary, it must still be approved by this Court. Continuances by stipulation are not permitted without prior

CASE MANAGEMENT ORDER #2 - 1

approval of the Court, and only to a date pre-approved by the Court. Please email the Clerk for Department 22 at both dept22@sanmateocourt.org and complexcivil@sanmateocourt.org for available dates before contacting opposing counsel. If preliminary approval is given, a written stipulation must be provided before the hearing or trial date. Faxed or electronic signatures on stipulations are permitted.

5.  If a case settles before a hearing or trial date, the parties must notify the Clerk for Department 22 by telephone and email (dept22@sanmateocourt.org and complexcivil@sanmateocourt.org) as soon as the disposition is agreed upon and must file either a Notice of Settlement, Request for Dismissal, a Stipulation for Entry of Judgment, or a Judgment on Stipulation that is ready for the Court's signature. If the applicable document is not ready, counsel must appear at the time scheduled for hearing and recite the settlement for the record.

6.  The parties and their counsel must provide the Clerk for Department 22 with an email service list. This list will be used by the Court to send any communications to all parties. It is the parties' responsibility to make sure that the email addresses on this list are accurate. At the first case management conference with Department 22, each party must indicate whether he/she/it/they will agree to email service by the Court. If the party agrees to email service on the record, then that party will only receive the Court's orders by email and will not receive any orders by mail.

## GENERAL -- FILINGS AND CORRESPONDENCE

7.  Pursuant to Code of Civil Procedure section 1010.6, subdivision (c), all documents in Complex Civil actions (with the exception of the original documents specified in paragraph 8 below) must be filed electronically. The documents (other than exhibits) must be text searchable. Please visit www.sanmateocourt.org for more information on e-filing. Please note that any exhibits to electronically filed briefs, declarations, or other documents must be electronically "bookmarked" as required by CRC Rule 3.1110(f)(4).

8.  Until further order of this Court, the following original documents must still be filed or lodged in hardcopy paper with the Civil Clerk's Office located in the Hall of Justice, First Floor, Room A, 400 County Center, Redwood City, California:

     (a)     Ex parte motions, oppositions to ex parte motions, and all supporting papers

     (b)     Stipulations and proposed orders

     (c)     Proposed judgments

     (d)     Abstracts of judgment

     (e)     Appellate documents, including notices of appeal

     (f)     Administrative records

9. Pursuant to Code of Civil Procedure section 1010.6, subdivision (c) and California Rules of Court, rules 2.253(c) and 2.251(c), all parties and their counsel must serve all documents electronically, and accept service of all documents electronically from all other parties, in conformity with Code of Civil Procedure section 1010.6 and the California Rules of Court, except when personal service is required by statute.

10. One extra copy of each document filed in this action must be served directly on Department 22. Department 22 prefers that any such filing be served electronically at the following two email addresses: dept22@sanmateocourt.org and complexcivil@sanmateocourt.org. Please add these two email addresses to your e-service list for this case as to any papers filed with the Court. If a party is unable to email the filing to those addresses, then that party may deliver the filing by hand or by overnight mail directly to Department 22 located at Courtroom K, 1050 Mission Road, South San Francisco, California 94080. Please do not leave the Judge's copy of any such filing with the Clerk's office.

11. Please do not fax any documents to Department 22. There is <u>no</u> dedicated fax line for Department 22, and your documents may get lost and never reach the Court.

12. All correspondence to Department 22 regarding this case – including informal discovery conference briefs, requests to take matters off calendar, and requests for scheduling must be submitted by email to the following two addresses: dept22@sanmateocourt.org and complexcivil@sanmateocourt.org. These email addresses are used by the Court in this matter solely for the purpose of receiving correspondence and filings. They are <u>not</u> to be used for the purpose of back-and-forth communications with the judge. Please note that communications sent

to these email addresses are not part of the official court files – i.e., they are not "filed" documents – and may be subject to deletion or destruction after 30 days.

13. All email correspondence to Department 22 at dept22@sanmateocourt.org and complexcivil@sanmateocourt.org must include the case name, case number, and judge's last name – i.e., Smith v. Jones, 18CIV1234, Chou – in the "subject line" header and should be copied to all counsel or persons appearing in propria persona.

## CASE MANAGEMENT CONFERENCES

14. The Court holds case management conferences for its complex cases on **Thursday morning.**

15. The first case management conference is generally scheduled approximately 120 days after the action is filed. Plaintiff is required to give notice of this conference date to all other parties unless otherwise ordered by the Court.

16. After the first conference, future case management conferences are scheduled as necessary to monitor the progress of the case and to assist counsel and the parties as the matter progresses. Counsel thoroughly familiar with the case must attend all case management conferences.

17. Judicial Council Form CM-110, Civil Case Management Statement (required by CRC 3.725(c)) is not well-suited for complex cases. Accordingly, the parties shall file a joint case management conference statement no later than six (6) calendar days before the hearing for each conference that includes the following:

    (a)   A brief objective summary of the case.

    (b)   A summary of any orders from prior case management conferences and the progress of the parties' compliance with those orders.

    (c)   A summary of the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues.

    (d)   Anticipated motions, including a proposed briefing schedule when applicable.

    (e)   A summary of any significant procedural or practical problems that are likely to arise in the case such as (this list is not intended to be exhaustive or applicable to every case):

          (1)   unserved parties and reasons for the failure to serve;

(2)    unserved or unfiled cross-complaints;

(3)    related actions pending in any jurisdiction, a brief description of those actions (including their current procedural posture), and the potential for coordination or consolidation;

(4)    jurisdictional or venue issues that may arise;

(5)    severance of issues for trial; and

(6)    calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

(f)    Status of settlement or mediation.

(g)    Suggestions for efficient management of the case, including a proposed discovery plan and timeline of key events (including proposed dates for future law and motion and trial).

(h)    Any other matters that the parties believe will assist the Court in determining an effective case management plan.

(i)    A proposed date for the next CMC.

## EX PARTE APPLICATIONS

18. Ex parte appearances are discouraged except in unusual situations. Hearing dates for ex parte applications must be coordinated by email with the Clerk for Department 22 at dept22@sanmateocourt.org and complexcivil@sanmateocourt.org. The Court hears ex parte applications on **Thursday** at **1:30 p.m.** or **Friday** at **1:30 p.m. If possible, the Court prefers to have ex parte applications heard on Friday.** The Court's consideration of an ex parte application will not interfere with or delay any trial in progress. Strict compliance with California Rules of Court, rules 3.1200-3.1207 is required.

19. All papers necessary to the determination of the application, including any proposed pleading, motion, or order, must be submitted, preferably by email to both dept22@sanmateocourt.org and complexcivil@sanmateocourt.org, directly to Department 22 by noon the court day before the scheduled ex parte hearing date. Counsel may contact the Clerk for Department 22 to inquire if oral argument will be permitted, or if the Court will rule based on the written papers.

CASE MANAGEMENT ORDER #2 - 5

20. The Court is eager to assist counsel when specific problems arise that may not require a formal motion. To arrange a conference with the Court that all counsel agree is advisable, please contact the Clerk for Department 22 by email at dept22@sanmateocourt.org and complexcivil@sanmateocourt.org to schedule a time for the conference. This informal conference will be conducted by videoconference or audioconference unless otherwise indicated by the Court. For these informal conferences, briefs on court pleading paper not to exceed three (3) pages – which must be served – may be submitted by email to the Court at dept22@sanmateocourt.org and complexcivil@sanmateocourt.org.

## DISCOVERY

21. All discovery methods under the Code of Civil Procedure, including but not limited to notices of deposition, special interrogatories, form interrogatories, requests for production of documents, and requests for admission, must be served electronically upon counsel for the parties. All discovery responses by a party in response to discovery propounded by another party must be provided in electronic form, unless the parties agree otherwise in writing. Counsel for the parties must meet and confer regarding the possible establishment of a joint electronic document depository for uploading and downloading electronic document productions.

22. Discovery meet and confer obligations require an in-person or video conference between counsel and persons appearing in propria persona unless otherwise ordered by the Court. If a resolution is not reached, the parties must meet with the Court for all discovery-related matters in an informal discovery conference (IDC) before filing any discovery motion unless otherwise authorized by the Court. No discovery motion will be heard without in IDC.

23. Requests for an IDC may be made, after meaningful meet and confer, by sending an email to both dept22@sanmateocourt.org and complexcivil@sanmateocourt.org, copied to all counsel. The Court will provide proposed dates. Parties are to meet and confer as to availability for the proposed dates. If one or more parties are not available on the proposed date(s), additional dates may be requested. The Court will inform the parties whether the IDC will be conducted by audioconference or videoconference or in person. The Court will also consider requests from

depositions in progress. IDCs may <u>not</u> be recorded by any party and may <u>not</u> be reported by any court reporter.

24. For the IDC, each side must serve and email to the Court at <u>both</u> dept22@sanmateocourt.org and complexcivil@sanmateocourt.org a short brief on court pleading paper, limited to no more than five (5) pages, at least three (3) court days before the IDC. The requesting party's brief shall include the subject discovery requests and discovery responses (if any) attached as exhibits.

25. Pursuant to Code of Civil Procedure section 2016.080, subdivision (c)(2), the time for bringing any motion to compel or any other discovery motion is tolled on the date a party makes the email request for an IDC to the Court. All requests for an IDC must be made well before the expiration of the statutory time to bring a motion to compel or other discovery motion.

## LAW AND MOTION

26. This Court believes that pre-filing conferences between counsel may be useful in avoiding useless or unnecessary motions. Therefore, before the hearing of any motion, petition, or application, except applications to appear pro hac vice and motions to withdraw as counsel of record, all counsel and persons appearing in propria persona shall confer in a good faith attempt to eliminate the necessity of the hearing or to resolve as many disputes as possible. Counsel for the moving party shall arrange the conference to meet and confer at least three (3) calendar days before the hearing and shall submit to the Court at least one (1) day before the hearing a declaration establishing that the meet and confer conference occurred and describing any agreements that counsel have reached.

27. Hearings may be scheduled by contacting the Clerk for Department 22 by email at <u>both</u> dept22@sanmateocourt.org and complexcivil@sanmateocourt.org. The Court hears motions in its complex cases on **Thursday morning**. Counsel must first clear the proposed hearing date(s) with the other parties before contacting the Clerk. Counsel for the moving party must provide the Court with the name of the case, the case number, the type of hearing, the hearing date(s) requested, and the name and telephone number of the filing attorney.

28. Any reply must be filed at least two (2) weeks before the hearing date. Although the Court imposes no other deadlines for motions in its complex cases, the Court strongly encourages the parties to agree to a briefing schedule. So long as any reply is filed at least two (2) weeks before the hearing date, the parties may agree on any briefing schedule and submit a stipulation and proposed order with the agreed upon schedule for the Court's signature.

29. Motions or applications to seal must be heard no later than any motion relying on the materials for which sealing is sought. Upon denial of a motion or application to seal, the moving party must notify the Court that the materials are to be filed unsealed (CRC 2.551(b)) or refrain from relying on the materials, which will not be part of the record.

30. When the Court sustains a demurrer or grants a motion to strike with leave to amend and an amended pleading is filed, the plaintiff or cross-complainant must file with its opposition to any successive demurrer or motion to strike a redline comparing the amended pleadings to the previous version of the pleading unless otherwise ordered by the Court.

31. As to discovery motions, the parties are relieved of their obligation under rule 3.1345 of the California Rules of Court to file a separate statement. Instead, the parties must (1) attach the discovery request(s) or deposition question(s) at issue and the written response(s), if any, to the declaration submitted in support of the discovery motion; and (2) submit a concise outline of the discovery request and each response in dispute pursuant to Code of Civil Procedure section 2030.300, subdivision (b)(2).

32. Counsel for the moving parties must notify the Clerk for Department 22 by telephone and by email at both dept22@sanmatecourt.org and complexcivil@sanmateocourt.org as soon as possible regarding any matter to be taken off calendar or continued. Notices of continuance of any hearing must be provided by the moving party.

33. Pursuant to CRC Rule 3.113(i), Department 22 does not require an appendix of non-California authorities in connection with any memoranda submitted in connection with any motion unless otherwise ordered by the Court with the following exception: Because the Court only has access to non-California authorities via WESTLAW – and NOT via LEXIS – any authorities that are not reported in an official reporter and that are cited must either be: (1) cited using the

WESTLAW citation or a citation accessible through WESTLAW; or (2) provided to Department 22 by email at <u>both</u> dept22@sanmateocourt.org and complexcivil@sanmatecourt.org.

34. The Court believes strongly in the importance of training the next generation of trial lawyers. This training needs to include substantive speaking opportunities in court. The Court therefore strongly encourages the parties and senior attorneys to allow the participation of junior lawyers in all court proceedings, particularly in arguing motions where the junior lawyer drafted or contributed significantly to the motion or opposition.

35. The Court typically issues tentative rulings or a list of issues that the Court would like the parties to address at the hearing. The Court will post or email its tentative ruling or list of issues to the parties using the service list provided by the parties by 1:30 p.m. at least one court day before the scheduled hearing. If any party intends to contest the tentative ruling at the hearing, that party must notify the other parties and the Clerk for Department 22 by email at <u>both</u> dept22@sanmateocourt.org and complexcivil@sanmateocourt.org by 4:00 p.m. at least one court day before the scheduled hearing. Otherwise, the tentative ruling will become the order of the Court.

## SETTLEMENT CONFERENCES AND MEDIATIONS

36. <u>No</u> case will be tried before a good faith effort is made to settle. The Court strongly encourages the parties to engage in discussions to resolve the matter throughout the litigation, including voluntary mediations.

37. The Court may also order mandatory settlement conferences before a judge or a special master. The mandatory settlement conference will not be conducted by the trial judge unless the parties agree.

38. Trial counsel, parties, and persons with full authority to settle the case must personally attend any mandatory settlement conferences unless excused by the Court. Failure to appear will result in the imposition of sanctions.

39. Settlement Conference Statements must be filed at least five (5) court days before the scheduled conference.

40. Any request for a waiver of the requirement to personally appear at the Mandatory Settlement Conference, whether conducted by a judge or a special master, must be made by written application to the Court.

## SUMMARY TABLE OF PRETRIAL DEADLINES

| EVENT | DEADLINE |
|---|---|
| Serve (but not file):<br>1. Proposed motions in limine;<br>2. Proposed jury instructions;<br>3. Proposed verdict form(s);<br>4. Proposed witness lists;<br>5. Proposed deposition designations; and<br>6. Proposed exhibit lists | At least 42 days before the Pretrial Conference |
| Meet and confer regarding pretrial conference – including motions in limine, proposed jury instructions, proposed juror questionnaire (if any), proposed verdict form(s), proposed statement of the case, proposed deposition designations, and witness and exhibit lists | At least 35 days before the Pretrial Conference |
| File and serve motions in limine and oppositions to motions in limine | At least 21 days before the Pretrial Conference |
| File joint pretrial conference statement with:<br>1. Proposed jury instructions;<br>2. Proposed verdict form(s);<br>3. Proposed voir dire and juror questionnaire (if any);<br>4. Proposed statement of the case;<br>5. Witness lists, including proposed deposition designations;<br>6. Exhibit lists, including any disputed exhibits;<br>7. Binders with proposed deposition designations and objections (if any); and<br>8. Binders with motions in limine, oppositions, and declarations and/or requests for judicial notice | At least 14 days before the Pretrial Conference |
| Pretrial Conference | At least 14 days before the Trial Date |
| Deliver set of trial exhibits in binders and on thumb drive to the Court | At least 7 days before the Trial Date |

## INTRODUCTION TO PRETRIAL REQUIREMENTS

41. The parties must make every effort to raise and, if possible, resolve pretrial and trial issues early. While the Court understands that trial is not entirely predictable, the parties must frontload all evidentiary and legal disputes to the extent possible. Issues that surface unnecessarily on the eve of trial or during trial waste the jury's time and are strongly disfavored. With this understanding, **ALL DEADLINES AND REQUIREMENTS IMPOSED BY THIS ORDER ARE SUBJECT TO MODIFICATION AT THE DISCRETION OF THE COURT**.

42. Some of the requirements only apply to jury trials – i.e., the requirements for jury instructions, jury questionnaire, proposed verdict form(s), and statement of the case. These requirements obviously do not apply to court trials. But all other requirements – i.e., the requirements for motions in limine, witness lists, trial exhibits, and meet and confer – and corresponding deadlines do apply to court trials.

43. Any changes to the deadlines established by this order for filings or submissions to the Court REQUIRE an order from the Court. If the parties agree on the proposed change(s), then they may submit a joint stipulation and proposed order explaining the reasons for the proposed change(s). If the parties do not agree, then the party seeking to change the deadline(s) may seek ex parte relief. In seeking to change any deadlines, please keep in mind that the Court needs enough time to review the parties' filings and submissions.

## MOTIONS IN LIMINE

44. The parties are encouraged to resolve as many trial issues by stipulation as possible. The parties shall meet and confer no later than 35 days before the Pretrial Conference to determine whether any evidentiary issues may be resolved by stipulation. No party may file a motion in limine without first making a good faith effort to resolve the evidentiary issue with the opposing party.

45. Motions in limine and their oppositions must be filed no later than 21 days before the Pretrial Conference. No replies will be permitted without leave of the Court.

46. Each party must submit a tabbed binder with its motions in limine in numerical order with the opposition immediately behind the motion within the same tab. Any declarations or requests for judicial notice submitted by the parties in support of or in opposition to the motions in limine along with any attached exhibits must be submitted in a separate tabbed binder. The binders must be submitted to the Court with the Joint Pretrial Conference Statement.

47. Each motion in limine should address a single, separate topic and shall be limited to five (5) pages in length unless otherwise permitted by the Court. Each motion should be clearly identified as "_____'s Motion in Limine No. ___ Re: _____."

48. Each opposition is also limited to five (5) pages in length unless otherwise permitted by the Court.

49. Each party shall file only one (1) declaration and/or one (1) request for judicial notice to support all motions in limine and one (1) declaration and/or one (1) request for judicial notice to support all oppositions to motions in limine. The parties do not have to include a copy of the operative complaint.

50. Each party shall also submit a hard copy and a Word version of all proposed orders. Each proposed order must provide enough specificity so that a witness will be able to understand what testimony is prohibited.

51. The motions shall be heard at the Pretrial Conference or at such other time as the Court may direct.

## JURY INSTRUCTIONS

52. The parties shall file a <u>joint</u> set of proposed jury instructions, arranged in the order the parties propose the Court give the instructions, with the Joint Pretrial Conference Statement.

53. The parties are invited to use the Judicial Council of California Civil Jury Instructions (CACI). Any modifications made to a form instruction must be plainly identified.

54. Instructions upon which the parties agree shall be identified as "Stipulated Instruction No. ___ Re: _____," with blanks filled in as appropriate.

55. If the parties disagree on an instruction, each party's proposed version of the disputed instruction shall be provided and identified as "Disputed Instruction No. ___ Re: _____ Offered by _____," with blanks filled in as appropriate. All proposed versions of the same instruction shall bear the same number. Following each disputed instruction, each party shall explain, in no more than one page, why the Court should give that party's proposed instruction or why the instruction should or should not be given.

56. Any changes to the proposed jury instructions ordered by the Court must be made by the parties and submitted to the Court by the deadline set by the Court at the Pretrial Conference or by any other deadline set by the Court.

## VERDICT FORM(S)

57. The parties shall file either joint proposed verdict form(s) or, if they disagree, separate proposed verdict forms with the Joint Pretrial Conference Statement.

58. Any changes to the proposed verdict form(s) ordered by the Court must be made by the parties and submitted to the Court in Word format by the deadline set at the Pretrial Conference or by any other deadline set by the Court.

## VOIR DIRE AND JURY QUESIONNAIRE (IF ANY)

59. The Court will conduct the initial voir dire guided by the Standards of Judicial Administration § 3.25(c). If the parties want the Court to ask any particular questions from those Standards or any additional questions, they should jointly submit those questions (and any objections) with the Joint Pretrial Conference Statement.

60. If the parties wish to use a jury questionnaire, the parties must file a joint proposed jury questionnaire or, if they disagree, separate proposed jury questionnaires with the Joint Pretrial Conference Statement.

## PROPOSED STATEMENT OF THE CASE

61. The parties must file a joint proposed statement of the case to be read to the jury during voir dire with the Joint Pretrial Conference Statement. This statement should not exceed one-page double spaced if possible. The statement should also be neutral rather than argumentative. The parties shall also include the names of attorneys and witnesses to be read to the jury. See Standards of Judicial Administration § 3.25(b).

## WITNESS LISTS

62. Each party must file a list of all the witness that the party intends to call at trial with the Joint Pretrial Conference Statement.

63. The witness list must be in tabular form and contain the following:

    a.    Name of the witness;

    b.    Title of the witness, if any;

    c.    Brief description of the subject matter of the witness' anticipated testimony; and

     d.      Estimated length of the direct examination, cross-examination, and rebuttal.

64. If any party wishes to designate deposition testimony in lieu of live testimony for any witness, then that party must provide its/his/her/their proposed designations to the opposing parties at least 42 days before the Pretrial Conference. The parties are encouraged to resolve as many disputes over the designations by stipulation as possible.

65. The parties must file a <u>joint</u> pleading with their proposed deposition designations, any objections to those designations, and any responses to those objections, at the same time as their Joint Pretrial Conference Statement. Objections or responses may be no longer than one page.

66. The parties must also submit to the Court tabbed binder(s) with the proposed deposition designations. Each tab should represent the testimony of a single witness. The proposed deposition designations must be highlighted in yellow with any objections bracketed in red.

67. Absent good cause, the deposition testimony of each witness shall be introduced only once. In other words, all deposition designations shall be presented together all at once rather than as part of each party's case.

68. <u>Any witness who is not identified on a party's witness list or any deposition testimony that has not been submitted to the Court is subject to exclusion in the reasonable exercise of the Court's discretion.</u>

## TRIAL EXHIBITS

69. Each trial exhibit shall be clearly pre-marked with the trial exhibit number. The defendant's exhibit numbers shall be sequenced to begin after the plaintiff's exhibit numbers.

70. Exhibits shall be numbered. <u>No</u> letters may be used. The parties must agree on a block of numbers to fit the needs of the case (e.g., the plaintiff has exhibits 1-100; the defendant has exhibits 101-200), and make a good faith effort to avoid marking the same exhibit in their respective blocks. If the exact same exhibit is marked by more than one party, then the defendant shall withdraw the duplicative exhibit (but should not renumber its portion of the exhibit list). If there is any dispute over which portions of an overlapping exhibit should be introduced into evidence, the parties shall meet and confer in an attempt to informally resolve the issue. If the parties are unable to informally resolve the dispute, then each party shall submit its disputed exhibit with the Joint Pretrial Conference Statement and explain, in no more than one double-spaced page, why the Court should use its proposed exhibit.

71. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. ___" – and not as "Plaintiff's Exhibit" or "Defendant's Exhibit."

72. Each party must file an exhibit list identifying all the exhibits that the party intends to introduce at trial with the Joint Pretrial Conference Statement.

73. The exhibit list must be in tabular form and contain the following:

   a.     Exhibit number;

   b.     Brief description of the exhibit (with any bates numbers if they exist);

   c.     Sponsoring witness;

   d.     Date marked for identification (left blank); and

   e.     Date admitted into evidence (left blank).

74. Each party must provide the Court with a complete set of exhibits that the party intends to introduce at trial in both hardcopy in tabbed binders and on a thumb drive at least seven (7) days before the Trial Date. Each party will be expected to place the official exhibit stamp on each document; the exhibit tabs may be obtained from the courtroom clerk. The Court may require additional copies of those exhibits for trial, including separate exhibit binders for each witness.

75. Any exhibit that is not identified on a party's exhibit list is subject to exclusion in the reasonable exercise of the Court's discretion. In exercising this discretion, the Court will consider whether the exhibit is solely being used for impeachment.

## MEET AND CONFER RE: PRETRIAL ISSUES

76. At least 42 days before the Pretrial Conference, each party must serve (but NOT file) its proposed motions in limine, proposed jury instructions, proposed verdict form(s), proposed witness lists, including proposed deposition designations, and proposed exhibit lists. Anything that is not included in these served documents – i.e., motions in limine, witnesses, deposition designations, or exhibits – may be subject to denial or exclusion in the reasonable exercise of the Court's discretion.

77. All parties must meet and confer regarding motions in limine, jury instructions, verdict form(s), jury questionnaire (if any), a statement of the case, witness lists, including deposition designations, exhibit lists, a joint pretrial conference statement, and any other issues that may arise at trial no later than 35 days before the Pretrial Conference. The meet and confer must

include discussions in person or by videoconference. If the parties wish to meet and confer by telephone, they must obtain permission from the Court.

78. During the meet and confer, the parties must engage in a good faith effort to:

    a.     Resolve any issues raised in the motions in limine;

    b.     Resolve any disputes over the jury instructions;

    c.     Resolve any disputes over the verdict forms;

    d.     Agree on a proposed jury questionnaire (if any);

    e.     Agree on a proposed statement of the case to be read to the jury during voir dire;

    f.     Resolve any disagreements over witnesses, including deposition designations, and exhibits to be introduced at trial; and

    g.     Stipulate to any relevant facts that can be incorporated into the record without supporting testimony or exhibits.

79. Wherever possible, the parties shall stipulate to the admissibility of any exhibits. If a stipulation is not possible, then the parties shall make every effort to stipulate to the authenticity and foundation for an exhibit absent a legitimate objection.

## PRETRIAL CONFERENCE STATEMENT

80. The parties must file a Joint Pretrial Conference Statement at least 14 days before the Pretrial Conference. The Statement must include the following:

    a.     Substance of the Action: A brief description of the parties, the claims and defenses that remain to be decided (including whether any issues are for the Court to decide rather than the jury), and the operative pleading, including the date of filing, that raises these claims and defenses.

    b.     Relief Requested: A detailed statement of all requested relief that itemizes all elements of damages that are claimed.

    c.     Undisputed Facts: A plain and concise statement of all relevant facts to which the parties will stipulate for incorporation into the record without supporting testimony or exhibits or that are undisputed.

    d.     Settlement Discussions: A brief description of the efforts the parties have made to settle the case and a brief statement about whether the parties believe that further negotiations are likely to be productive and what, if anything, would facilitate settlement.

    e.    <u>Estimate of Trial Length</u>: An estimate of the number hours needed for the presentation of each party's case.

    d.    <u>Miscellaneous</u>: Any other matters that will facilitate the just, speedy, and efficient resolution of the case.

81. The parties shall include the following documents in accordance with this order with their Joint Pretrial Conference Statement:

    a.    Proposed jury instructions;

    b.    Proposed verdict form(s);

    c.    Proposed voir dire and jury questionnaire (if any);

    d.    Proposed statement of the case;

    e.    Each party's witness list, including proposed deposition designations;

    f.    Each party's exhibit list, including any disputed exhibits;

    g.    Binder(s) containing the parties' deposition designations, with the testimony to be introduced highlighted in yellow and any objections bracketed in red; and

    h.    Binders containing the party's motions in limine, any oppositions, and any declarations or requests for judicial notice in support thereof.

82. The parties shall also email the proposed witness lists, exhibits lists, jury instructions, proposed verdict form(s), proposed jury questionnaire (if any), proposed statement of the case, and proposed orders in Word format to the Court.

## PRETRIAL CONFERENCE

83. A Pretrial Conference will occur at least 14 days before the Trial Date. Lead trial counsel for each party <u>must</u> attend.

84. At the Pretrial Conference, each party should be prepared to argue and discuss:

    a.    Motions in limine;

    b.    Jury instructions;

    c.    Voir dire;

    d.    Jury questionnaires (if any);

    e.    Verdict form(s);

    f.    Proposed statement of the case;

    g.    Witnesses, including proposed deposition designations;

h.      Exhibits;

i.      Stipulation(s); and

j.      Any other issues relating to the trial.

## MISCELLANEOUS

85. This Case Management Order supersedes CMO #1.

86. The initial Case Management Conference scheduled for June 1, 2023 is VACATED.

87. The initial Case Management Conference is reset for **May 25, 2023** at **11:00 a.m**. Zoom appearances are permitted but not required.

88. All discovery is STAYED pending the initial Case Management Conference.

89. By the date of the Conference, the parties shall provide the Clerk with an email service list as required by this Order and shall be prepared to indicate whether they agree to email service from the Court.

90. Any recording of a court proceeding held by video or audio conference, including "screen-shots" or other visual or audio copying of a hearing or conference IS PROHIBITED unless otherwise permitted by the Court. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings and conferences, denial of entry to future hearings and conferences, removal of Court-issued media credentials, or any other sanctions deemed appropriate by the Court.

91. Plaintiff(s) shall serve a copy of this order upon all parties, or their designated counsel, who have not yet appeared in this case, including any and all parties added to this action and/or cross-action(s) after the issuance of this order, and file a proof of service.

Dated: Mar. 2, 2023

Danny Y. Chou
Judge of the Superior Court



**SUPERIOR COURT OF SAN MATEO COUNTY**

| | |
|---|---|
| 400 County Center | 800 North Humboldt Street |
| Redwood City, CA 94063 | San Mateo, CA 94401 |

(650) 261-5100
www.sanmateocourt.org

# FILED
### SAN MATEO COUNTY

3/2/2023

**Clerk of the Superior Court**

/s/ Jane Torres

DEPUTY CLERK

## CLERK'S CERTIFICATE OF SERVICE BY MAIL

Date:                    3/2/2023

In the Matter of:    Darius Price vs McGee Air Services Inc

Case No.:              23-CIV-00342

Documents:          CASE MANAGEMENT ORDER #1

    I certify that I am a Deputy Clerk of the San Mateo County Superior Court, that I am not a party to this cause, and that the above-listed documents were served upon the persons whose names and addresses are set forth below, on this date in San Mateo County, California, by placing the documents for collection and mailing so as to cause it to be mailed with the United States Postal Service by first class mail in a sealed addressed envelope with postage fully prepaid, following standard court practices. I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on: 3/2/2023

Neal I Taniguchi, Court Executive Officer/Clerk

By:  /s/ Jane Torres

Jane Torres, Deputy Clerk

Copies Mailed To:

McGee Air Services Inc
580 Naches Ave SW 100
Renton WA 98057

TUVIA KOROBKIN
ABRAMSON LABOR GROUP
11846 VENTURA BOULEVARD SUITE 100
STUDIO CITY CA 91604

**Exhibit G**



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1st Floor, Room A Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

FOR COURT USE ONLY

# FILED

SAN MATEO COUNTY

1/25/2023

**Clerk of the Superior Court**

/s/ Jennifer Torres

DEPUTY CLERK

PETITIONER/PLAINTIFF:  **DARIUS PRICE**

RESPONDENT/DEFENDANT:  **MCGEE AIR SERVICES INC; DOES 1 THROUGH 100, INCLUSIVE**

**NOTICE OF ASSIGNMENT FOR ALL PURPOSES, DESIGNATION AS COMPLEX CASE, SETTING OF A CASE MANAGEMENT AND TRIAL SETTING CONFERENCE, AND COMPLEX FEES DUE**

CASE NUMBER:
**23-CIV-00342**

This case has been filed by Plaintiff(s) as a provisionally complex case and/or a putative class action and/or a PAGA representative action.  Pursuant to Local Rule 3.300(a), this action is automatically deemed a "complex case".  This case is assigned for all purposes to the Honorable:  **Robert D Foiles** in **Department 21,** located at **Hall of Justice, 400 County Center, Redwood City, CA 94063**.

<u>ASSIGNED DEPARTMENT INFORMATION</u>

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
|---|---|---|
| Robert D Foiles | 650-261-5121 | Dept21@sanmateocourt.org |

**A Case Management and Trial Setting Conference is set for** 5/1/2023 **at 9:00 AM** in **Department 21** of this Court. In anticipation of the Case Management and Trial Setting Conference, counsel for the parties should be prepared to discuss at the hearing and file and serve written Case Management and Trial Setting Conference statements (**in prose and details, not using the standardized Judicial Council form**) with a courtesy copy emailed to complexcivil@sanmateocourt.org AND to Dept21@sanmateocourt.org **at least five court days prior to the Conference**, as to the following:

   a.   Status of Pleadings and Appearance of all Named Parties;

   b.   Status of Discovery, including status of document production, status of depositions, status of completion of merits discovery, and status of expert discovery;

   c.   Status of Settlement or Mediation;

   d.   Listing of All Pending Motions and proposed new hearing date;

   e.   Any anticipated motions and proposed briefing schedule; and

   f.   Any other matters for which the parties seek Court ruling or scheduling.

**Pursuant to Government Code Section 70616, the complex case fee and the first appearance fee must be paid at the time of filing of the first paper in this complex case**.  Plaintiff(s) pay a single complex case fee of $1,000 on behalf of all plaintiffs, whether filing separately or jointly.  Defendant(s) pay a complex case fee of $1,000 each on behalf of each defendant, intervenor, respondent, or adverse party, whether filing separately or jointly, at the time that that party files its first paper in this case, not to exceed $18,000 total.

PLAINTIFF(S) ARE REQUIRED TO SERVE A COPY OF THIS NOTICE ON ALL OTHER PARTIES TO THIS ACTION OR PROCEEDING, and promptly file proof of service.

Rev. Dec. 2020

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, ☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court  or  ☒ by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date:  1/25/2023

Neal I Taniguchi, Court Executive Officer/Clerk

By:   /s/ Jennifer Torres
      Jennifer Torres, Deputy Clerk

Notice being served on:

TUVIA KOROBKIN
ABRAMSON LABOR GROUP
11846 VENTURA BOULEVARD SUITE 100
STUDIO CITY, CA  91604

Rev. Dec. 2020

**Exhibit H**



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1st Floor, Room A Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

| FOR COURT USE ONLY |
| --- |
| **FILED** |
| SAN MATEO COUNTY |
| 2/10/2023 |
| **Clerk of the Superior Court** |
| /s/ Vanessa Jimenez |
| DEPUTY CLERK |

PLAINTIFF:  DARIUS PRICE

DEFENDANT:  MCGEE AIR SERVICES INC; DOES 1 THROUGH 100, INCLUSIVE

| **NOTICE OF REASSIGNMENT FOR ALL PURPOSES (CIVIL) PURSUANT TO PEREMPTORY CHALLENGE** | CASE NUMBER: 23-CIV-00342 |

By order of the Presiding Judge the above entitled matter is reassigned for all purposes to: **Danny Y. Chou** in **Department 22.**

A **Complex Case Management Conference** previously scheduled on **5/26/2023** has been rescheduled to **06/01/2023** at **8:00 am** in Department **22.**

---

ASSIGNED DEPARTMENT INFORMATION

To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial Officer's webpage at: www.sanmateocourt.org/civiljudges.

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
| --- | --- | --- |
| Danny Y. Chou | 650-261-5122 | Dept22@sanmateocourt.org |

---

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, ☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court  or  ☒ by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 2/10/2023

Neal I Taniguchi, Court Executive Officer/Clerk

By:  /s/ Vanessa Jimenez

Vanessa Jimenez, Deputy Clerk

Notice being served on:

MCGEE AIR SERVICES INC
580 NACHES AVE. SW 100
RENTON, WA  98057



Rev. Jan. 2021

**FILED**

SAN MATEO COUNTY

FEB 10 2023

Clerk of the Superior Court

By: _____

DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| DARIUS PRICE, et al., | Case No. 23-CIV-00342 |
| Plaintiff | NOTICE OF REASSIGNEMNT |
| vs | |
| MCGEE AIR SERVICES INC., et al., | |
| Defendant | |

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.  The Honorable Robert D. Foiles is relieved from his assignment for all purposes as judge in this matter.

2.  This case is re-assigned to the Honorable Danny Y. Chou, Department 22. The parties are ordered to contact Department 22 directly to schedule future dates in this matter. Department 22 may be contacted at (650) 261-5122.

Dated: February 9, 2023.

_____

ELIZABETH K. LEE

PRESIDING JUDGE

1

**Exhibit I**

**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1st Floor, Room A Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

FOR COURT USE ONLY

# FILED

SAN MATEO COUNTY

3/8/2023

**Clerk of the Superior Court**

/s/ Kimberly Claussen

DEPUTY CLERK

PLAINTIFF:  **DARIUS PRICE**

DEFENDANT:  **MCGEE AIR SERVICES INC; DOES 1 THROUGH 100, INCLUSIVE**

**NOTICE OF REASSIGNMENT (CIVIL)**

CASE NUMBER:
**23-CIV-00342**

**EFFECTIVE MARCH 20, 2023**, by order of the Presiding Judge pursuant to San Mateo County Superior Court Local Rule 3.200(a) the above entitled matter is reassigned for all purposes to: **Susan L. Greenberg** in **Department 3** located at **400 County Center, Redwood City, CA 94063, Courtroom 2B**.

ASSIGNED DEPARTMENT INFORMATION

To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial Officer's webpage at: www.sanmateocourt.org/civiljudges.

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
|---|---|---|
| Susan L. Greenberg | 650-261-5103 | Dept3@sanmateocourt.org |

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, ☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court  or  ☒ by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date:  3/8/2023

Neal I Taniguchi, Court Executive Officer/Clerk

By:    /s/ Kimberly Claussen

Kimberly Claussen, Deputy Clerk

Notice being served on:

DARIUS PRICE
NO KNOWN ADDRESS

TUVIA KOROBKIN
ABRAMSON LABOR GROUP
11846 VENTURA BOULEVARD SUITE 100
STUDIO CITY, CA  91604

Rev. Mar. 2023

**Exhibit J**

POS-015

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:** STATE BAR NO: 268066<br>NAME: TUVIA KOROBKIN, ESQ.<br>FIRM NAME: ABRAMSON LABOR GROUP<br>STREET ADDRESS: 11846 VENTURA BLVD., STE. 100<br>CITY: STUDIO CITY   STATE: CA   ZIP CODE: 91604<br>TELEPHONE NO.: (213) 493-6300   FAX NO.: (213) 723-2522<br>E-MAIL ADDRESS: tuvia@abramsonlabor.com<br>ATTORNEY FOR (Name): DARIUS PRICE | *FOR COURT USE ONLY* |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN MATEO<br>STREET ADDRESS: 400 COUNTY CENTER<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: REDWOOD CITY, 94063<br>BRANCH NAME: SOUTHERN BRANCH |

| |
|---|
| Plaintiff/Petitioner: DARIUS PRICE<br>Defendant/Respondent: MCGEE AIR SERVICES, INC. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>23-CIV-00342 |

TO *(insert name of party being served):* MCGEE AIR SERVICES, INC. c/o HYUNKI JUNG, ESQ., SHEPPARD MULLIN

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 4/14/2023

_____
IAN SILVERSTEIN
(TYPE OR PRINT NAME)

▶ *Ian Silverstein*
_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☐ A copy of the summons and of the complaint.
2. ☒ Other *(specify):*

   First Amended Complaint

*(To be completed by recipient):*

Date this form is signed: 04/17/2023

_____
HYUNKI (JOHN) JUNG
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *Hyunki Jung*
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

**Exhibit K**

1  Tuvia Korobkin, Esq. # 268066
   tuvia@abramsonlabor.com
2  W. Zev Abramson, Esq. # 289387
   wza@abramsonlabor.com
3  Rijenea Appling, Esq. # 346329
   rijenea@abramsonlabor.com
4  **ABRAMSON LABOR GROUP**
   11846 Ventura Boulevard, Suite 100
5  Studio City, California 91604
   Tel:     (213) 493-6300
6  Fax:     (213) 723-2522

7  Attorneys for Plaintiff

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON     3/30/2023
By     /s/ Vanessa Jimenez
         Deputy Clerk

8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **FOR THE COUNTY OF SAN MATEO**

11

12  DARIUS PRICE, on behalf of himself and all      Case No. 23-CIV-00342
    others similarly situated,

13                                                   **FIRST AMENDED CLASS AND**
                                                     **REPRESENTATIVE ACTION**
14                      Plaintiff,                   **COMPLAINT FOR:**

15        vs.                                        **(1)  MINIMUM WAGE VIOLATIONS**
                                                          **(LABOR CODE §§ 204, 1182.12,**
16                                                        **1194, 1194.2, 1197, 1198);**

17  MCGEE AIR SERVICES, INC.; and DOES 1      **(2)  FAILURE TO PAY MEAL PERIOD**
    through 100, inclusive,                       **PREMIUMS AT THE REGULAR**
18                                                    **RATE OF COMPENSATION**
                        Defendants.                   **(LABOR CODE §§ 226.7, 1198);**
19
                                                 **(3)  REST PERIOD VIOLATIONS**
20                                                    **(LABOR CODE §§ 226.7, 516, 1198);**

21                                               **(4)  WAGE STATEMENT VIOLATIONS**
                                                     **(LABOR CODE § 226, *et seq.*);**
22
                                                 **(5)  WAITING TIME PENALTIES**
23                                                   **(LABOR CODE §§ 201-203);**

24                                               **(6)  UNFAIR COMPETITION (BUS. &**
                                                     **PROF. CODE § 17200, *et seq.*).**
25
                                                 **(7)  CIVIL PENALTIES UNDER THE**
26                                                   **PRIVATE ATTORNEYS GENERAL**
                                                     **ACT (LABOR CODE § 2698, *et seq.*)**
27
                                                 **DEMAND FOR JURY TRIAL**
28                                               **UNLIMITED CIVIL CASE**

                                        1
              First Amended Class and Representative Action Complaint

Plaintiff Darius Price ("Plaintiff"), on behalf of himself and all others similarly situated, hereby brings this Class and Representative Action Complaint against McGee Air Services, Inc.; and Does 1 through 100, inclusive (collectively, "Defendants"), and on information and belief alleges as follows:

## JURISDICTION

1.    Plaintiff, on behalf of himself and all others similarly situated, hereby brings this class and representative action for recovery of unpaid wages and penalties under California Business and Professions Code section 17200, *et. seq.*; Labor Code sections 201-204, 226, 226.7, 516, 1182.12, 1194, 1194.2, 1197, 1198, 2698 *et seq*; and Industrial Welfare Commission Wage Order No. 9 ("Wage Order 9"), in addition to seeking declaratory relief and restitution.  This class action is brought pursuant to California Code of Civil Procedure section 382. This Court has jurisdiction over Defendants' violations of the California Labor Code because the amount in controversy exceeds this Court's jurisdictional minimum.

## VENUE

2.    Venue is proper in this judicial district pursuant to Code of Civil Procedure §§ 395(a) and 395.5, as at least some of the acts and omissions complained of herein occurred in San Mateo County.  Defendants own, maintain offices, transact business, have an agent or agents within San Mateo County, and/or otherwise are found within San Mateo County, and Defendants are within the jurisdiction of this Court for purposes of service of process.

## PARTIES

3.    Plaintiff is an individual over the age of eighteen (18). At all relevant times Plaintiff was, and is, a California resident. During the four years immediately preceding the filing of this action and within the statute of limitations periods applicable to each cause of action herein, Plaintiff was employed by Defendants as a non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed by California Labor Code §§ 201-204, 226, 226.7, 516, 1182.12, 1194, 1194.2, 1197, 1198, 2698 *et seq*; Business & Professions Code § 17200, *et seq.*; and Wage Order 9, which sets employment standards for the transportation industry.

4.      Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of this lawsuit and continuing to the present, Defendants did (and do) business as an airport and airline service company, and that they employed Plaintiff and other similarly situated non-exempt employees in San Mateo County and the state of California.

5.      Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 through 100, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed and believes, and thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes (as defined in Paragraph 15) to be subject to the unlawful employment practices, wrongs, injuries, and damages complained of herein.

6.      Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all Class members.

7.      At all times herein mentioned, each of said Defendants participated in the acts herein alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each of the acts or omissions alleged herein.

8.      At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise.  Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all Class Members (as defined in Paragraph 15).

**GENERAL FACTUAL ALLEGATIONS**

9.      Plaintiff was employed by Defendants as a non-exempt employee from approximately November 2020 until approximately March 2022.

First Amended Class and Representative Action Complaint

10.     During Plaintiff's employment with Defendants, Defendants utilized a timekeeping system which has resulted in Plaintiff and other non-exempt employees not being compensated for all hours worked. Specifically, for at least a portion of the putative class period, Defendants have required Plaintiff and other non-exempt employees to clock in and out using an electronic or digital timekeeping system, and recorded their hours worked to the minute. However, Defendants have rounded and/or time-shaved Plaintiff's and other non-exempt employees' time records such that they are not paid for all hours worked. For example, on March 2, 2022, Plaintiff's time records indicate that he clocked in at 3:56 p.m., clocked out for lunch at 7:17 p.m. (and thus worked 3 hours 21 minutes, or 3.35 hours, prior to lunch), and that he clocked back in from lunch at 7:47 p.m. and clocked out for the day at 12:32 a.m. (and thus worked 4 hours 45 minutes, or 4.75 hours, after lunch, for a total of 8.1 hours). However, rather than paying Plaintiff's hours worked to the minute, Defendants rounded Plaintiff's clock in time to 4:00 p.m. and paid him for only 3.28 hours prior to lunch, and rounded his clock-out time to 12:30 a.m. and paid him for only 4.72 hours after lunch. Defendants therefore only paid Plaintiff for exactly 8.0 hours that workday, under-paying Plaintiff by 6 minutes (0.1 hours) on that workday. Overall, during the workweek of February 27 to March 5, 2022, Defendants underpaid Plaintiff by about 18 minutes due to this rounding/time-shaving practice. On information and belief, Defendants' practice of rounding and/or time-shaving Plaintiff's and other non-exempt employees' time records was in a manner that resulted in Plaintiff and other non-exempt employees not being paid for all hours worked. As a result of this policy/practice, Plaintiff and other non-exempt employees have not been paid at least the minimum wage for all hours worked.

11.     Defendants have also failed to pay meal period premiums to Plaintiff and other non-exempt employees at one hour of their "regular rate of compensation" as required under Labor Code § 226.7. The California Supreme Court has held that the terms "regular rate of pay" used in Labor Code § 510 and "regular rate of compensation" used in Labor Code § 226.7 are synonymous, and therefore, just as bonuses and other remuneration must be incorporated into the "regular rate of pay" when calculating overtime pay, they must also be incorporated into the "regular rate of compensation" when calculating meal and rest period premiums under Labor

Code § 226.7. *See Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal.5th 858, 862 (2021) (holding "that the terms are synonymous: 'regular rate of compensation' under section 226.7(c), like 'regular rate of pay' under section 510(a), encompasses all nondiscretionary payments, not just hourly wages.")  When paying meal period premiums, which were denoted as "Meal Penalty" on wage statements, Defendants have failed to incorporate bonuses and other pay that may not be excluded from the regular rate (those forms of pay are hereinafter collectively referred to as "Incentive Pay") and have thereby underpaid Plaintiff and other non-exempt employees their meal period premium wages.  For example, throughout Plaintiff's employment he was paid production bonuses coded as "Opr Bonus" and also was paid meal period premiums, but Defendants generally paid Plaintiff's meal period premiums at his *base* rate of pay, and failed to incorporate the bonuses earned by Plaintiff in the meal period premiums. On information and belief, "Opr Bonus" was a quarterly bonus paid to Plaintiff and other non-exempt employees based on employees meeting objective production or performance criteria. As such, these bonuses should have been incorporated retroactively into the regular rate of compensation for the time period in which they were earned, and incorporated into the calculation of meal period premiums. Defendants failed to do so. As a result of Defendants' failure to incorporate Incentive Pay into the regular rate of compensation, Plaintiff and other non-exempt employees have been underpaid their meal period premiums under Labor Code § 226.7.

12.     Defendants have also failed to authorize and permit all rest periods to which Plaintiff and other non-exempt employees have been entitled. Specifically, the workload placed upon Plaintiff and other non-exempt employees sometimes prevented them from taking an off-duty, 10-minute rest period for each work period of 4 hours or major fraction thereof. Plaintiff's and other non-exempt employees' rest periods were also interrupted, rendering them less than 10 minutes of net rest time. Despite failing to authorize and permit legally compliant rest periods to Plaintiff and other non-exempt employees, Defendants failed to pay the rest period premiums required by Labor Code § 226.7.  Upon information and belief, during at least a portion of the putative class period, Defendants maintained no payroll code or other mechanism for paying rest period premiums when Defendants failed to authorize and permit a legally compliant rest period.

13.     As a result of Defendants' failure to pay for all hours worked, as well as its failure to properly pay all meal and rest period premium wages owed, Defendants have issued inaccurate wage statements to Plaintiff and other non-exempt employees.

14.     As a further result of Defendants' failure to pay all earned wages (including but not limited to minimum wages), as well as Defendants' failure to properly pay meal and rest period premium wages at Plaintiff's regular rate of compensation, Defendants failed to pay all wages owed to Plaintiff and other formerly employed non-exempt employees at the separation of their employment.

## CLASS ACTION ALLEGATIONS

15.     Class Definitions[1]: Plaintiff bring this action on behalf of himself and the following Classes pursuant to Section 382 of the Code of Civil Procedure:

i.      The Minimum Wage Class consists of all of Defendants' current and former non-exempt employees in California who were subject to Defendants' timekeeping practices, at any time from four years prior to the filing of this action through the present.

ii.     The Meal Period Premium Underpayment Class consists of all of Defendants' current and former non-exempt employees in California who received a meal period premium and also received Incentive Pay in a corresponding quarter or pay period, at any time from four years immediately preceding the filing of this action through the present.

iii.    The Rest Period Class consists of all of Defendants' current and former non-exempt employees in California who worked at least one shift of 3.5 hours or more, at any time from four years immediately preceding the filing of this action through the present.

iv.     The Wage Statement Class consists of all members of the Minimum Wage Class, Meal Period Premium Underpayment Class, and/or Rest Period Class who received a wage statement at any time from one year immediately preceding the filing of this lawsuit through the present.

---

[1] A prior class action settlement in *Ferdinand Batin, et al. v. McGee Air Services, Inc., et al*, Santa Clara Superior Court Case No. 19CV347733, resolved the Labor Code violations alleged herein through February 6, 2021. Thus, for those class members who were Participating Class Members in *Batin*, the putative class period begins on February 7, 2021.

First Amended Class and Representative Action Complaint

v.   The <u>Waiting Time Class</u> consists of all formerly-employed members of the Minimum Wage Class, Meal Period Premium Underpayment Class, and/or Rest Period Class whose employment with Defendants ended at any time from three years immediately preceding the filing of this lawsuit through the present.

16.   **Numerosity/Ascertainability:** The members of the Classes are so numerous that joinder of all members would be unfeasible and impracticable. The membership of the Classes is unknown to Plaintiff at this time; however, it is estimated that the Classes number greater than fifty (50) individuals in each Class. The identity of such membership is readily ascertainable via Defendants' employment records.

17.   **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

i.    Whether Defendants paid the Minimum Wage Class at least the minimum wage for all hours worked;

ii.   Whether Defendants paid meal period premiums to members of the Meal Period Premium Underpayment Class at the regular rate of compensation;

iii.  Whether Defendants authorized and permitted legally compliant rest periods to members of the Rest Period Class;

iv.   Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code § 226; and

vi.   Whether Defendants paid all wages due to members of the Waiting Time Class at the time of separation of employment.

18.   **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' timekeeping, wage statement, meal period premium payment, and rest period policies/practices.  As such, the

common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

19.     **Typicality:** Plaintiff's claims are typical of the Classes' claims because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitation applicable to each cause of action pled in this Complaint.  As alleged herein, Plaintiff, like Class members, has been deprived of all earned wages, has been subject to Defendants' meal period premium and rest period policies/practices, has been furnished inaccurate wage statements, and was not paid all wages owed at termination.

20.     **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent Plaintiff and the members of the Classes. Plaintiff's attorneys have prosecuted numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

21.     **Superiority:** The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.  The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer

for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes identified in Paragraph 15 are maintainable under Code Civ. Proc. § 382 of the Code of Civil Procedure.

## **FIRST CAUSE OF ACTION**

### **MINIMUM WAGE VIOLATIONS**

### **(AGAINST ALL DEFENDANTS)**

22.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

23.     Wage Order 9, § 4 and Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked in amounts set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon. As alleged herein, Defendants have failed to conform their pay practices to the requirements of the law by failing to pay Plaintiff and the Minimum Wage Class for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the Labor Code and Wage Order 9.

24.     Labor Code § 1198 makes unlawful the employment of an employee under conditions that the IWC prohibits. Labor Code §§ 1194(a) and 1194.2(a) provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the

balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due, and interest thereon.

25.   As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and the Minimum Wage Class have sustained economic damages, including but not limited to unpaid wages and interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and other appropriate relief as a result of Defendants' violations of the Labor Code and Wage Order 9.

26.   Defendants' practice and uniform administration of company policy regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and the Minimum Wage Class in a civil action for the unpaid amount of minimum wages, liquidated damages, interest thereon, statutory penalties, and attorneys' fees and costs of suit according to Labor Code §§ 204, 218.6, 558, 1194, 1194.2, 1197, 1198, and Code of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY MEAL PERIOD PREMIUMS AT REGULAR RATE OF COMPENSATION

## (AGAINST ALL DEFENDANTS)

27.   Plaintiff re-alleges and incorporate by reference all previous paragraphs.

28.   At all relevant times, Defendants have been required to pay meal period premiums at employees' "regular rate of compensation" pursuant to Labor Code § 226.7. "Regular rate of compensation" is synonymous with "regular of pay" as used in Labor Code § 510.  Thus, meal period premiums must be calculated in the same manner as the "regular rate of pay" is calculated for overtime purposes, and must incorporate the value of Incentive Pay.

29.   As alleged herein, Defendants failed to incorporate the value of Incentive Pay, and otherwise failed to accurately calculate the regular rate of compensation, when calculating meal period premiums for Plaintiff and members of the Meal Period Premium Underpayment Class, and thus underpaid Plaintiff and members of the Meal Period Premium Underpayment Class for their meal period premium wages due under Labor Code § 226.7.

///

30.     As a result of the foregoing, Plaintiff and members of the Meal Period Premium Underpayment Class are entitled to the amount of underpayment of meal period premium wages, including interest thereon, statutory penalties, civil penalties, and costs of suit according to Labor Code §§ 226.7, 558; Code of Civil Procedure § 1021.5; Civil Code § 3287; and Art. XV, § 1 of the California Constitution.

**THIRD CAUSE OF ACTION**

**REST PERIOD VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

31.     Plaintiff re-alleges and incorporate by reference all previous paragraphs.

32.     Labor Code §§ 226.7 and 516, and Wage Order 9, § 12 establish the right of employees to be authorized and permitted a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

33.     As alleged herein, Defendants have failed to authorize and permit Plaintiff and Rest Period Class members to take their legally mandated rest periods. Defendants have also failed to compensate Plaintiff and Rest Period Class members with a rest period premium for each rest period to which they were entitled while working.

34.     The foregoing violations create an entitlement to recovery by Plaintiff and Rest Period Class members in a civil action for the unpaid amount of rest period premiums owing, interest thereon, statutory penalties, civil penalties, and costs of suit according to Labor Code §§ 226.7, 516, 558; Code of Civil Procedure § 1021.5; Civil Code § 3287; and Art. XV, § 1 of the California Constitution.

**FOURTH CAUSE OF ACTION**

**WAGE STATEMENT VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

35.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

36.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally, as a matter of uniform policy and practice, have failed to furnish Plaintiff and the Wage Statement Class with accurate and complete itemized wage statements that

included, among other requirements, all wages earned, all meal and rest period premium wages earned, total hours worked, and total hours worked at each rate of pay, in violation of Labor Code § 226.

37.     Defendants' failure to furnish Plaintiff and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in injury, as said failures led to, *inter alia*, the non-payment of all their minimum wages and meal and rest period premium wages, reported inaccurate information regarding actual hours worked, and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

38.     Defendants' failures create an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226, including statutory penalties, civil penalties, and reasonable attorneys' fees and costs of suit pursuant to California Labor Code §§ 226 and 226.3.

### FIFTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### (AGAINST ALL DEFENDANTS)

39.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

40.     This cause of action is brought pursuant to Labor Code §§ 201-203, which require an employer to pay all wages immediately at the time of separation of employment in the event the employer discharges the employee, or the employee provides at least 72 hours of notice of their intent to quit. In the event the employee provides less than 72 hours of notice of their intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

41.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to timely pay Plaintiff and members of the Waiting Time Class all final wages due to them at their separation from employment, including (but not limited to) unpaid earned minimum wages, and unpaid meal and rest period premium wages.

42.     Further, Plaintiff is informed and believes, and based thereon alleges, that as a matter of uniform policy and practice, Defendants continue to fail to pay Plaintiff and members

of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203.

43.     Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203. Defendants' willful failure to timely pay Plaintiff and Waiting Time Class members their earned wages upon separation from employment results in a continued payment of daily wages up to thirty days from when the wages were due. Plaintiff and Waiting Time Class members are entitled to compensation per Labor Code § 203, plus reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (AGAINST ALL DEFENDANTS)

44.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

45.     Defendants have engaged, and continue to engage, in unfair and/or unlawful business practices in violation of Business & Professions Code § 17200, *et seq.*, by failing to pay Plaintiff and the Classes all wages due, failing to provide meal periods or pay meal period premiums, failure to authorize and permit rest periods or pay rest period premiums, and failing to furnish accurate and complete itemized wage statements in violation of Labor Code § 226.

46.     Defendants' utilization of these unfair and/or unlawful business practices has deprived Plaintiff and members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

47.     Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for himself, and on behalf of the members of the Classes, seeks full restitution of monies as necessary and according to proof, to restore all monies withheld, acquired, and/or converted by Defendants pursuant to Business & Professions Code §§ 17203 and 17208.

48.     The acts complained of herein occurred within the four years immediately preceding the filing of this action.

///

49.     Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendants' current non-exempt employees, and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which he is entitled to recover under Code of Civil Procedure § 1021.5.

## SEVENTH CAUSE OF ACTION

### PRIVATE ATTORNEYS GENERAL ACT

### (AGAINST ALL DEFENDANTS)

50.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

51.     Defendants have committed several Labor Code violations against Plaintiff and other aggrieved employees. Plaintiff is an "aggrieved employee" within the meaning of Labor Code § 2698 *et seq*. Plaintiff, acting on behalf of himself, the State of California, and other aggrieved employees, brings this representative action against Defendants to recover the civil penalties due to Plaintiff, other aggrieved employees, and the State of California according to proof pursuant to Labor Code §§ 558 and 2699 (a) and (f) including, but not limited to: (1) $100.00 for each initial violation for each failure to pay each employee and $200.00 for each subsequent violation or willful or intentional violation pursuant to Labor Code § 210 for each failure to pay each employee, plus 25% of the amount unlawfully withheld; (2) $50.00 for each initial violation and $100.00 for each subsequent violation pursuant to Labor Code § 558 per employee per pay period; (3) $100.00 for each initial violation and $250.00 for each subsequent violation pursuant to Labor Code § 1197.1 per employee per pay period; (4) $250.00 for each initial violation of Labor Code § 226 and $1,000.00 for each subsequent violation, pursuant to Labor Code § 226.3, per employee per pay period; and/or (5) $100.00 for each initial violation and $200.00 for each subsequent violation per employee per pay period for those Labor Code violations for which no civil penalty is specifically provided, based on the following violations:

a.     Failing to pay Plaintiff and other aggrieved employees at least the statutory minimum wage for all hours worked, in violation of Labor Code §§ 204, 558, 1182.12, 1194, 1194.2, 1197, 1197.1, and 1198;

b.   Failing to provide all legally required meal periods and failing to pay meal period premiums to Plaintiff and other aggrieved employees at the employees' respective regular rates of compensation, in violation of Labor Code §§ 226.7, 512, 516, 558, and 1198;

c.   Failing to authorize and permit all legally required rest periods and failing to pay rest period premiums to Plaintiff and other aggrieved employees at the employees' respective regular rates of compensation, in violation of Labor Code §§ 226.7, 516, 558, and 1198;

d.   Failing to furnish Plaintiff and other aggrieved employees with accurate and complete itemized wage statements, in violation Labor Code §§ 226 and 1198; and

e.   Failing to pay all wages owed to Plaintiff and other aggrieved former employees at their separation of employment, in violation of Labor Code §§ 201-203.

52.   On or about January 24, 2023, Plaintiff notified Defendant McGee Air Services Inc., via certified mail, and the California Labor and Workforce Development Agency ("LWDA") via its website, of Defendants' violations of the California Labor Code and Plaintiff's intent to bring a claim for civil penalties under California Labor Code § 2698 et seq. with respect to the violations of the California Labor Code identified in paragraph 51 (a)-(e) above. Now that sixty-five days have passed from Plaintiff's notifying Defendants and the LWDA of these violations, Plaintiff has exhausted his administrative requirements for bringing a claim under the Private Attorneys General Act with respect to these violations.

53.   Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and the interests of other aggrieved employees, and to assess and collect the civil penalties owed by Defendants. Plaintiff has thereby incurred attorneys' fees and costs, which he is entitled to recover under California Labor Code § 2699(g).

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, as follows:

1.    For an order certifying the proposed Classes;

2.    For an order appointing Plaintiff as representative of the Classes;

3.    For an order appointing counsel for Plaintiff as counsel for the Classes;

4.    Upon the First Cause of Action, for payment of minimum wages, liquidated damages, and penalties according to proof pursuant to Labor Code §§ 1182.12, 1194, 1194.2, and 1197;

5.    Upon the Second Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7, 512, and 1198;

6.    Upon the Third Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 1198;

7.    Upon the Fourth Cause of Action, for statutory penalties pursuant to Labor Code § 226, *et seq.*;

8.    Upon the Fifth Cause of Action, for statutory waiting time penalties pursuant to Labor Code §§ 201-203;

9.    Upon the Sixth Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200, *et seq.*;

10.    Upon the Seventh Cause of Action, for civil penalties due to Plaintiff, other aggrieved employees, and the State of California according to proof pursuant to Labor Code § 2699, including, but not limited to: (1) $100.00 for each initial violation for each failure to pay each employee and $200.00 for each subsequent violation or willful or intentional violation pursuant to Labor Code § 210 for each failure to pay each employee, plus 25% of the amount unlawfully withheld; (2) $50.00 for each initial violation and $100 for each subsequent violation pursuant to Labor Code § 558 per employee per pay period; (3) $100.00 for each initial violation and $250.00 for each subsequent violation pursuant to Labor Code § 1197.1 per employee per pay period; (4) $250.00 for each initial violation of Labor Code § 226 and $1,000.00 for each subsequent violation, pursuant to Labor Code § 226.3 per employee per pay period; and/or (5)

16

First Amended Class and Representative Action Complaint

$100.00 for each initial violation and $200.00 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided, pursuant to Labor Code § 2699(f);

11.    Prejudgment interest on all due and unpaid wages pursuant to California Labor Code §§ 218.6, 1194(a); Civil Code § 3287; and Art. XV, § 1 of the California Constitution;

12.    On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 226(e), 1194 *et seq.*, 2699(g), and Code of Civil Procedure § 1021.5; and

13.    For such other and further relief the Court may deem just and proper.

Date: March 30, 2023

Respectfully submitted,
ABRAMSON LABOR GROUP

By: _____
Tuvia Korobkin
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: March 30, 2023

Respectfully submitted,
ABRAMSON LABOR GROUP

By: _____
Tuvia Korobkin
Attorneys for Plaintiff

**Exhibit L**

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
2      Including Professional Corporations
     PAUL S. COWIE, Cal. Bar No. 250131
3    PATRICIA M. JENG, Cal. Bar No. 272262
     JOHN ELLIS, Cal. Bar No. 269221
4    MELISSA HUGHES, Cal. Bar No. 315727
     HYUNKI (JOHN) JUNG, Cal. Bar No. 318887
5    Four Embarcadero Center, 17th Floor
     San Francisco, California 94111-4109
6    Telephone:   415.434.9100
     Facsimile:   415.434.3947
7    Email        pcowie@sheppardmullin.com
                  pjeng@sheppardmullin.com
8                 jellis@sheppardmullin.com
                  mhughes@sheppardmullin.com
9                 hjung@sheppardmullin.com

10  Attorneys for Defendant McGee Air Services, Inc.

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                   FOR THE COUNTY OF SAN MATEO

13  DARIUS PRICE, on behalf of himself and all          Case No. 23-CIV-00342
    others similarly situated,
14                                                       **DEFENDANT MCGEE AIR SERVICES,**
                          Plaintiff,                     **INC.'S ANSWER TO PLAINTIFF**
15                                                       **DARIUS PRICE'S FIRST AMENDED**
                                                         **COMPLAINT**
16          v.

17  MCGEE AIR SERVICES, INC., a Delaware
    corporation; and DOES 1 through 10,
18  inclusive,                                           Assigned for All Purposes to:
                                                         Hon. Susan L. Greenberg, Dept. 3
19                        Defendants.
                                                         Complaint Filed: January 24, 2023
20                                                       FAC Filed:       March 30, 2023

21

22

23

24

25

26

27

28

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON      5/9/2023
By      /s/ Maria Coronel
              Deputy Clerk

                                              -1-                    Case No. 23-CIV-00342
SMRH:4883-1545-2764.6                DEFENDANT MCGEE AIR SERVICES, INC.'S ANSWER TO
                                     PLAINTIFF DARIUS PRICE'S FIRST AMENDED COMPLAINT

Defendant McGee Air Services, Inc. ("Defendant") hereby answers the unverified First Amended Complaint ("FAC") of Plaintiff Darius Price ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to the provisions of Section 431.30(d) of California Code of Civil Procedure, Defendant denies generally and specifically each and every cause of action and purported allegation and cause of action set forth in the FAC, and further denies that Plaintiff and/or the putative class members have been damaged in the amount alleged, or in any other sum, or at all, by reason of any act, omission to act, conduct, or liability on the part of Defendant, or on the part of any of Defendant's agents, servants, employees, representatives, or any other person for whose acts Defendant is responsible.

### AFFIRMATIVE DEFENSES

In further answer to Plaintiff's FAC, Defendant alleges the following affirmative defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST AFFIRMATIVE DEFENSE

(Arbitration Agreement)

1.      Defendant alleges that the FAC and each cause of action set forth therein, are barred, in whole or in part, to the extent that Plaintiff and/or the putative class members and/or allegedly aggrieved employees are subject to binding arbitration of their claims and have waived the right to bring such claims in court.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2.      The FAC, and each and every purported cause of action alleged therein, is barred by the applicable statutes of limitations, including but not limited to, those set forth in the Private Attorneys' General Act, California Labor Code section 2698, *et seq.* ("PAGA"), California Code of Civil Procedure sections 337, 338, 339, 340, and 343, and California Business & Professions Code section 17208.

### THIRD AFFIRMATIVE DEFENSE

(Failure to State a Claim)

3.     The FAC, and each and every purported cause of action alleged therein, fails to state facts sufficient to permit Plaintiff to proceed on behalf of himself, any putative class, or on behalf of others in a representative capacity under PAGA, or other means, and does not plead facts sufficient to constitute a cause of action against Defendant under California Labor Code, Wage Orders of the Industrial Welfare Commission or the Unfair Competition Law.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Exhaust)

4.     The FAC, and each and every purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff and/or the putative class members and/or allegedly aggrieved employees failed to timely and completely exhaust internal and/or contractual remedies, including under any applicable collective bargaining agreements, prior to commencing this action. Defendant further alleges that the FAC, and each and every purported cause of action alleged therein, is barred to the extent Plaintiff and/or allegedly aggrieved employees failed to pursue or otherwise exhaust administrative remedies with the California Division of Labor Standards Enforcement and/or the Labor and Workforce Development Agency.

### FIFTH AFFIRMATIVE DEFENSE

(Primary Jurisdiction Doctrine)

5.     The FAC, and each and every purported cause of action alleged therein, should be abated in the Court's discretion, and Plaintiff and each putative class member and/or allegedly aggrieved employees should be ordered to pursue their administrative remedies with the Division of Labor Standards Enforcement or the Labor Workforce Development Agency, which has primary jurisdiction over these claims.

### SIXTH AFFIRMATIVE DEFENSE

(PAGA - Unauthorized Delegation of Power)

6.     PAGA, which authorizes employees to file private actions against an employer and recover excessive civil penalties, three-quarters of which are paid to an executive agency of the

-3-

Case No. 23-CIV-00342
DEFENDANT MCGEE AIR SERVICES, INC.'S ANSWER TO
PLAINTIFF DARIUS PRICE'S FIRST AMENDED COMPLAINT

1  State of California, constitutes an unlawful delegation of power in violation of the California

2  Constitution.

3  ### SEVENTH AFFIRMATIVE DEFENSE

4  (PAGA – Failure to Provide Notification or to Identify)

5  7.     Defendant alleges that Plaintiff failed to identify or to provide the Labor Workforce

6  Development Agency and/or Defendant proper notification of the claims and/or the names of the

7  "aggrieved employees" on whose behalf he intends to seek penalties, pursuant to PAGA, Labor

8  Code section 2698 *et seq.* and such claims are thus barred and/or limited by law.

9  ### EIGHTH AFFIRMATIVE DEFENSE

10  (Lack of Standing)

11  8.     Defendant is informed and believes, and based upon such information and belief

12  alleges, that Plaintiff lacks standing (1) to assert each cause of action alleged in the FAC; or (2) to

13  represent the putative class members; or (3) to bring claims for any civil penalties on behalf of

14  others because he is not an "aggrieved employee," pursuant to PAGA, Labor Code sections 2698,

15  *et seq.*

16  ### NINTH AFFIRMATIVE DEFENSE

17  (PAGA - Unconstitutional)

18  9.     The FAC, and each purported cause of action alleged therein, is barred in whole or

19  in part because PAGA is unconstitutionally vague and overbroad as applied to the facts and

20  circumstances of this case.

21  ### TENTH AFFIRMATIVE DEFENSE

22  (PAGA - Unjust Enrichment)

23  10.    Plaintiff, and the individuals on whose behalf Plaintiff seeks relief, are not entitled

24  to recovery of penalties under PAGA to the extent that such penalties are sought in addition to

25  penalties for the same claims and such duplicative recovery is barred and constitutes unjust

26  enrichment.

27

28

## ELEVENTH AFFIRMATIVE DEFENSE

(Inadequacy of Class Representative)

11.    Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff is not a proper or adequate representative of the class he purports to represent and, accordingly, this action is not properly brought as a class action.

## TWELFTH AFFIRMATIVE DEFENSE

(Inadequacy of Class Counsel)

12.    Defendant is informed and believes, and based upon such information and belief alleges, that Class Counsel for Plaintiff are not sufficiently competent and experienced in litigating wage and hour class actions and, accordingly, this action is not properly brought as a class action.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Lack of Superiority)

13.    Defendant is informed and believes, and based upon such information and belief alleges, that the class action procedure is not the superior method for adjudicating Plaintiff's claims or the claims of the alleged class and, accordingly, this action is not properly brought as a class action.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Unmanageable Representative Action)

14.    The FAC, and each and every purported cause of action alleged therein, cannot be maintained on a representative basis due to a multitude of unmanageable individualized issues. Proceeding on a representative basis would deprive Defendant of due process.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Laches)

15.    The FAC, and each and every purported cause of action alleged therein, is barred by the doctrine of laches, in that Plaintiff and/or the putative class members and/or allegedly aggrieved employees unreasonably delayed in bringing the action because they did not act within a reasonable time in seeking the wages at issue, or otherwise reporting any alleged violation of wage and hour laws, and unreasonably delayed in the filing of this lawsuit, causing Defendant to suffer

1  prejudice.

2  ### SIXTEENTH AFFIRMATIVE DEFENSE

3  (Unclean Hands)

4  16.    Defendant is informed and believes and, based on such information and belief,

5  alleges, that the FAC and each cause of action set forth therein is barred by the doctrine of unclean

6  hands, because of, among other things, misrepresentations made by Plaintiff and/or the putative

7  class members and/or allegedly aggrieved employees, in that they were expected to take timely,

8  uninterrupted meal and rest breaks and never informed Defendants that they were denied timely,

9  complete, and/or duty-free meal and/or rest breaks.

10  ### SEVENTEENTH AFFIRMATIVE DEFENSE

11  (Waiver)

12  17.    Defendant is informed and believes that Plaintiff and/or the putative class members

13  and/or allegedly aggrieved employees have waived the right to recover any relief by the FAC by

14  virtue of their prior representations, actions, and/or inaction with respect any purported cause of

15  action alleged therein.

16  ### EIGHTEENTH AFFIRMATIVE DEFENSE

17  (Estoppel)

18  18.    Defendant is informed and believes, and based upon such information and belief,

19  alleges that the FAC and each cause of action set forth therein are barred by the doctrine of

20  estoppel.

21  ### NINETEENTH AFFIRMATIVE DEFENSE

22  (Consent)

23  19.    Defendant is informed and believes, and based on such information and belief,

24  alleges, that Plaintiff's FAC, and each cause of action alleged therein, is barred, in whole or in

25  part, by the doctrine of consent.

26  ### TWENTIETH AFFIRMATIVE DEFENSE

27  (Justification)

28  20.    Any acts alleged to have been committed by Defendant were committed in the

-6-

exercise of good faith, with probable cause, were not arbitrary or capricious, were based upon legitimate factors, and were reasonable and justified under the circumstances.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

21.     Defendant alleges Plaintiff and/or the putative class members and/or allegedly aggrieved employees are not entitled to equitable relief insofar as they have adequate remedies at law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Unknown Conduct / Outside Course and Scope of Employment)

22.     Defendant alleges that the FAC and/or each purported cause of action therein cannot be maintained against Defendant because if Plaintiff and/or the putative class members and/or allegedly aggrieved employees took the actions alleged, such actions were committed outside the course and scope of such employment were not authorized, adopted or ratified by Defendant, and/or Defendant did not know of, nor should it have known of such conduct.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Set-Off/Offset/Recoupment)

23.     The FAC, and each and every purported cause of action alleged therein, is subject to setoff, offset and/or recoupment to the extent Plaintiff and/or the putative class members and/or allegedly aggrieved employees have already been compensated for the hours worked; or have already received premium pay for any meal periods or rest periods or any other payments under Labor Code section 226.7 for which they seek compensation.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Uncertainty)

24.     Defendant alleges the FAC, and the claims asserted therein, are uncertain.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Lack of Specificity)

25.     Defendant alleges Plaintiff has failed to allege special damages or any other damages with requisite specificity.

-7-                                          Case No. 23-CIV-00342

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(*Bona Fide* Dispute)

26.     Defendant alleges there exists a *bona fide* dispute as to whether any further compensation and/or expenses are actually due to Plaintiff and/or the putative class members and/or allegedly aggrieved employees and, if so, the amount thereof.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Labor Code § 203 – No Willful or Intentional Violation)

27.     Defendant alleges that, it has not willfully or intentionally failed to pay any such additional compensation to Plaintiff and/or the putative class members and/or allegedly aggrieved employees within the meaning and scope of California Labor Code section 203.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Labor Code § 204 – No Private Right of Action)

28. Defendant alleges that there is no private right of action to recover the penalties sought by Plaintiff and that Plaintiff has not complied with the procedural requirements for seeking any such penalties, including as it relates to California Labor Code section 204.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Labor Code § 226 – No Intentional Failure)

29.     Defendant alleges that, even assuming *arguendo* Plaintiff and/or the putative class members and/or allegedly aggrieved employees were not provided with a proper itemized statement of wages and deductions, Plaintiff and/or the putative class members and/or allegedly aggrieved employees are not entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

### THIRTIETH AFFIRMATIVE DEFENSE

(Labor Code § 226 – Clerical Error/Inadvertent Mistake)

30.     Defendant alleges that, even assuming *arguendo* Plaintiff and/or the putative class members and/or allegedly aggrieved employees were not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative class members and/or allegedly

aggrieved employees are not entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code section 226(a) was the result of a clerical error or inadvertent mistake.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Labor Code § 226 – No Injury)

31.     Defendant alleges that Plaintiff and/or the putative class members and/or allegedly aggrieved employees have not suffered any injury or damage because, among other reasons, the information contained on wage statements as required by California Labor Code section 226 may be promptly and easily ascertained without reference to other documents or information.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Lack of Knowledge)

32.     Defendant alleges that it had no knowledge, and could not reasonably have known, of any off-the-clock work by Plaintiff and/or the putative class members and/or allegedly aggrieved employees.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Res Judicata, Bar and Merger, Settlement/Release)

33.     Defendant alleges the causes of action set forth in the FAC and in each of the purported causes of action alleged therein are or will become subject to settlement/release agreements, and/or decisions of other class actions, which constitute a complete or partial bar to the present action, and/or are subject to the doctrine of *res judicata*.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Collateral Estoppel)

34.     The FAC, and each and every purported cause of action alleged therein, is barred, in whole or in part by the doctrine of collateral estoppel.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

35.     Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff and/or the putative class members and/or allegedly aggrieved employees are

barred, in whole or in part, from recovery of any damages based upon the doctrine of after-acquired evidence.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Mitigation of Damages)

36.     Defendant is informed and believes that Plaintiff and/or the putative class members and/or allegedly aggrieved employees have failed to exercise reasonable care to mitigate their damages, if any were suffered, and that their right to recover against Defendant should be reduced and/or eliminated by such a failure.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Violation of Due Process)

37.     Defendant alleges that certification of a class and/or the prosecution of a representative action on behalf of the general public under PAGA as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.  Defendant further alleges that the penalties Plaintiff demand and/or imposed by PAGA are excessive and violate Defendant's due process rights in violation of the Fourteenth Amendment to the United States Constitution and California Constitution.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Unconstitutional Wage Orders)

38.     Defendant alleges that the FAC and each cause of action therein, or some of them, are barred because the applicable Wage Orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(Bad Faith)

39.     Defendant alleges that a reasonable opportunity for investigation and discovery will reveal and, on that basis, alleges Plaintiff's claims, and those of any putative class members and/or

1  allegedly aggrieved employees, are unreasonable and/or were filed in bad faith and/or are

2  frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and his

3  attorneys.

4  **FORTIETH AFFIRMATIVE DEFENSE**

5  (Failure to Comply with Employer Instructions)

6      40.    Defendant is informed and believes and, based on such information and belief,

7  alleges, that any failure to comply with Defendant's time recording and/or reporting and/or meal

8  or rest period rules, any violations alleged in the FAC, and/or any failure to comply with

9  Defendant's policies and/or instructions, was the result of failure by Plaintiff and/or the putative

10  class members and/or allegedly aggrieved employees, to follow Defendant's reasonable

11  instructions, and a breach of duties owed to Defendant under California Labor Code sections

12  2854, 2856, 2857, 2858 and/or 2859.

13  **FORTY-FIRST AFFIRMATIVE DEFENSE**

14  (No Penalties or Liquidated Damages – Good Faith Dispute)

15      41.    Defendant is informed and believes that further investigation and discovery will

16  reveal, and on that basis alleges, that any violation of the Labor Code or an Order of the Industrial

17  Welfare Commission was an act or omission made in good faith; that Defendant had reasonable

18  grounds for believing that it complied with applicable laws; and that Plaintiff and members of the

19  purported class and/or allegedly aggrieved employees, cannot recover Labor Code Section 203 or

20  226(e) penalties because any alleged failure to pay wages or provide compliant wage statements

21  was based on a good faith dispute regarding the applicable law or facts.

22  **FORTY-SECOND AFFIRMATIVE DEFENSE**

23  (No Entitlement to Prejudgment Interest)

24      42.    Defendant is informed and believes that further investigation and discovery will

25  reveal, and on that basis alleges, that the FAC fails to state a claim upon which prejudgment

26  interest may be granted because the damages claimed are not sufficiently certain to allow an award

27  of prejudgment interest.

28

Case No. 23-CIV-00342

DEFENDANT MCGEE AIR SERVICES, INC.'S ANSWER TO
PLAINTIFF DARIUS PRICE'S FIRST AMENDED COMPLAINT

**FORTY-THIRD AFFIRMATIVE DEFENSE**

(Avoidable Consequences)

43.     Defendant is informed and believes, and based on such information and belief, alleges, that the FAC and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the doctrine of avoidable consequences.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

(Improper Injunctive Relief)

44.     Defendant alleges that there is no basis for injunctive relief in this action.  Among other reasons, Plaintiff cannot show that they will suffer irreparable injury without injunctive relief, remedies available at law are inadequate, that the threatened injury outweighs any damage Defendant might suffer as a result of the injunction, and/or Plaintiff cannot make the requisite showing to obtain injunctive relief in a labor dispute under California Labor Code section 1138.1, *et seq.*

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

(Preemption)

45.     Defendant alleges that Plaintiff's claims, and those of any putative class members and/or allegedly aggrieved employees, are preempted in whole or in part by federal law, including, but not limited to, by the Federal Deregulation Act, 49 U.S.C. §§ 41713, et seq., the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501, the Railway Labor Act, 45 U.S.C. §§ 181-188 and by the principles of field and conflict preemption.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

(*De Minimis*)

46.     Defendant alleges that the FAC and each cause of action set forth therein, or some of them, cannot be maintained against Defendant because Defendant's acts or omissions, if any, and the alleged time involved and/or damages are *de minimis*.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

(Failure to State a Claim for Attorneys' Fees and Costs)

47.     Defendant alleges that the FAC fails to state a claim for attorneys' fees under

-12-

1  California Labor Code sections 226, 1194, 2802, California Code of Civil Procedure section

2  1021.5, Business and Professions Code section 17200, *et seq.*, or any other basis.

3  ## FORTY-EIGHTH AFFIRMATIVE DEFENSE

4  (Exclusive Concurrent Jurisdiction)

5  48.     Plaintiff's causes of action against Defendant overlap with, and/or are subsumed

6  by, the claims alleged in earlier-filed actions.  As a result, California Code of Civil Procedure

7  section 430.10 and/or the doctrine of exclusive concurrent jurisdiction require abatement of

8  Plaintiff's action.

9  ## FORTY-NINTH AFFIRMATIVE DEFENSE

10  (CA Labor Code § 2699(e)(2))

11  49.     Defendant alleges that the penalties sought in Plaintiff's FAC would result in an

12  award that is unjust, arbitrary, oppressive or confiscatory, and Plaintiff should therefore not

13  recover damages or in the alternative, any award of damages should be reduced in an amount

14  determined by the Court.

15  ## FIFTIETH AFFIRMATIVE DEFENSE

16  (Voluntary Waiver of Meal Periods/On-Duty Meal Period Agreement)

17  50.     To the extent Plaintiff's and the putative class members' and/or the allegedly

18  aggrieved employees' time records show incidences where they did not record an off-duty meal

19  period of at least 30 minutes beginning by the end of the fifth hour in a shift greater than five

20  hours, or did not record a second off-duty meal period of at least 30 minutes beginning by the end

21  of the tenth hour in a shift greater than ten hours, Defendant is not liable for failure to provide a

22  meal period because it permitted Plaintiff, the putative class members, and/or allegedly aggrieved

23  employees bona fide opportunities to take compliant meal periods but they voluntarily chose not

24  to take timely or compliant meal periods Defendant provided and/or waived the meal periods.

25  Additionally, the FAC is barred in whole or in part to the extent that Plaintiff and/or the putative

26  class members and/or the allegedly aggrieved employees were parties to enforceable on-duty meal

27  break agreements with Defendant.

28

-13-

1

## FIFTY-FIRST AFFIRMATIVE DEFENSE

2

(Exemption)

3      51.     Defendant alleges that the FAC is barred, in whole or in part, because Plaintiff

4   and/or the putative class members were exempt from overtime pursuant to section 3(N) of the

5   California Industrial Welfare Commission Wage Order 9.

6

## RESERVATION OF RIGHT TO AMEND ANSWER

7      Defendant hereby gives notice that it intends to rely on such other and further defenses as

8   may become available during discovery in this action and reserves the right to amend the Answer

9   to assert any such defenses.

10

## PRAYER

11   WHEREFORE, Defendant prays for judgment as follows:

12      1.     That the FAC be dismissed with prejudice in its entirety;

13      2.     That Plaintiff, the putative class members, and allegedly aggrieved employees take

14   nothing by reason of the FAC;

15      3.     That Defendant be awarded its costs of suit and reasonable attorneys' fees to the

16   extent provided by law; and

17      4.     For such other and further relief as the Court may deem just and proper.

18

19   Dated:  May 8, 2023                 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

20

21                       By _____

22                                 PAUL S. COWIE

23                                 PATRICIA M. JENG
                                   JOHN ELLIS

24                                 MELISSA HUGHES
                                   HYUNKI (JOHN) JUNG

25                                 Attorneys for Defendant McGee Air Services, Inc.

26

27

28

## **PROOF OF SERVICE**

*Darius Price v. McGee Air Services, Inc.*
San Mateo County Superior Court Case No. 23-CIV-00342

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On May 8, 2023, I served true copies of the following document(s) described as:

**DEFENDANT MCGEE AIR SERVICES, INC.'S ANSWER TO PLAINTIFF
DARIUS PRICE'S FIRST AMENDED COMPLAINT**

on the interested parties in this action as follows:

Tuvia Korobkin,                                         *Attorneys for Plaintiff Darius Price*
W. Zev Abramson
Rijenea Appling
**ABRAMSON LABOR GROUP**
11846 Ventura Boulevard, Suite 100
Studio City, California 91604
Tel: (213) 493-6300
Fax: (213) 723-2522
Email: tuvia@abramsonlabor.com
         wza@abramsonlabor.com
         rijenea@abramsonlabor.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jrobinsonwilliams@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 8, 2023, at San Francisco, California.

_____
Justin Robinson-Williams

SMRH:4883-1545-2764.6

Case No. 23-CIV-00342
DEFENDANT MCGEE AIR SERVICES, INC.'S ANSWER TO
PLAINTIFF DARIUS PRICE'S FIRST AMENDED COMPLAINT

**Exhibit M**

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
2      Including Professional Corporations
   PAUL S. COWIE, Cal. Bar No. 250131
3  PATRICIA M. JENG, Cal. Bar No. 272262
   JOHN ELLIS, Cal. Bar No. 269221
4  MELISSA HUGHES, Cal. Bar No. 315727
   HYUNKI (JOHN) JUNG, Cal. Bar No. 318887
5  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
6  Telephone:    415.434.9100
   Facsimile:    415.434.3947
7  Email          pcowie@sheppardmullin.com
                  pjeng@sheppardmullin.com
8                 jellis@sheppardmullin.com
                  mhughes@sheppardmullin.com
9                 hjung@sheppardmullin.com

10 Attorneys for Defendant McGee Air Services, Inc.

11           SUPERIOR COURT OF THE STATE OF CALIFORNIA

12               FOR THE COUNTY OF SAN MATEO

13 DARIUS PRICE, on behalf of himself and all      Case No. 23-CIV-00342
   others similarly situated,
14
                                                    **JOINT CASE MANAGEMENT
15          Plaintiff,                               STATEMENT**

16          v.

17 MCGEE AIR SERVICES, INC., a Delaware             Assigned for All Purposes to:
   corporation; and DOES 1 through 10,              Hon. Susan L. Greenberg, Dept. 3
18 inclusive,

19          Defendants.                             Complaint Filed: January 24, 2023
                                                    FAC Filed:       March 30, 2023
20

21

22

23

24

25

26

27

28

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON        5/19/2023
By        /s/ Priscilla Tovar
          Deputy Clerk

Defendant McGee Air Services, Inc. ("Defendant") and Plaintiff Darius Price ("Plaintiff"), (collectively the "Parties"), hereby submit their joint case management statement.  The Case Management Conference is scheduled for May 25, 2023 at 11:00 a.m. in Department 3 of the San Mateo County Superior Court.

## I.     OBJECTIVE SUMMARY OF THE CASE

On or about January 24, 2023, Plaintiff filed a putative class action complaint against Defendant in the Superior Court of the State of California, County of San Mateo, Case No.23-CIV-00342 (the "Complaint").  Plaintiff's Complaint asserts claims for relief arising out of Plaintiff's and putative class members' employment with Defendant.  The Complaint asserts claims for: (1) Minimum Wage Violations; (2) Failure to Pay Meal Period Premiums at the Regular Rate of Compensation; (3) Rest Period Violations; (4) Wage Statement Violations; (5) Waiting Time Penalties; and (6) Unfair Competition.  On or about March 30, 2023, Plaintiff filed a First Amended Complaint ("FAC") adding a cause of action for Civil Penalties Under the Private Attorneys General Act.

Defendant denies liability, and denies that it owes any wages to Plaintiff or any of the putative class members, or that it has violated any provisions of the Labor Code.  Defendant also denies that Plaintiff's proposed putative classes, or any putative classes, are properly defined, or otherwise ascertainable.

## II.     PRIOR ORDERS FROM CASE MANAGEMENT CONFERENCES

No prior Case Management Conferences have been held and no prior Case Management Conference orders have been issued.

## III.     STATUS OF DISCOVERY

The Parties have not conducted any discovery thus far.  Defendant filed an Answer to Plaintiff's FAC on May 9, 2023.  Defendant anticipates filing a Notice of Removal to Federal Court in the next two weeks.  The Parties anticipate that discovery will be initiated in federal court.  Currently, there are no discovery issues.

## IV.   ANTICIPATED MOTIONS

Defendant will file a Notice of Removal to Federal Court, therefore, the Parties do not anticipate any motions being filed in this Court.

## V.   PROCEDURAL OR PRACTICAL ISSUES

Defendant will file a Notice of Removal to Federal Court.  Defendant contends that the United States District Court for the Northern District of California has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. section 1332(d).  Plaintiff reserves the right to seek to remand the action to this Court after removal.

## VI.   STATUS OF SETTLEMENT OR MEDIATION

The Parties have not currently explored settlement or mediation.  Plaintiff is amenable to exploring potential early resolution through mediation.

## VII.   SUGGESTIONS FOR EFFICIENT CASE MANAGEMENT

Defendant will file a Notice of Removal to Federal Court.

## VIII.   PROPOSED NEXT CASE MANAGEMENT DEADLINE

The Parties propose the Court sets a Status Conference 120 to 160 days out.  Defendant proposes that assuming the case has not been remanded, the state court proceedings are dismissed. Plaintiff submits that dismissal is not appropriate, regardless whether the matter has been remanded.  Rather, Plaintiff proposes that, if and when this case is removed to federal court, the state court action be stayed pending either remand or resolution of the federal action.

Dated:  May 19, 2023                    ABRAMSON LABOR GROUP


                                        By   _____
                                                    */s/ Tuvia Korobkin*
                                                  TUVIA KOROBKIN
                                                  W. ZEV ABRAMSON
                                                  RIJENEA APPLING
                                             Attorneys for Plaintiff Darius Price

1

2   Dated:  May 19, 2023                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                                   By      _____
                                              /s/ Melissa Hughes
5                                           PAUL S. COWIE
                                            PATRICIA M. JENG
6                                           JOHN ELLIS
                                            MELISSA HUGHES
7                                           HYUNKI (JOHN) JUNG
                                            Attorneys for Defendant McGee Air Services, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of San Francisco, State of California.  My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On May 19, 2023, I served true copies of the following document(s) described as **JOINT CASE MANAGEMENT STATEMENT** on the interested parties in this action as follows:

Tuvia Korobkin,                                                   *Attorneys for Plaintiff*
W. Zev Abramson                                             *Darius Price*
Rijenea Appling
**ABRAMSON LABOR GROUP**
11846 Ventura Boulevard, Suite 100
Studio City, California 91604
Email: tuvia@abramsonlabor.com; wza@abramsonlabor.com; rijenea@abramsonlabor.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address rregnier@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on May 19, 2023, at Menlo Park, California.

_____
Robin P. Regnier

SMRH:4867-9499-1973.1

Case No. 23-CIV-00342

JOINT CASE MANAGEMENT STATEMENT

**Exhibit N**

Case Number: 23-CIV-00342



### SUPERIOR COURT OF SAN MATEO COUNTY

| 400 County Center | 1050 Mission Road | 800 North Humboldt Street |
|---|---|---|
| Redwood City, CA 94063 | South San Francisco, CA 94080 | San Mateo, CA 94401 |

www.sanmateocourt.org

## Minute Order

| | |
|---|---|
| **Darius Price vs McGee Air Services Inc** | 23-CIV-00342 |
| | 05/25/2023 11:00 AM |
| | Complex Case Management Conference |
| | **Hearing Result**: Held |

**Judicial Officer**: <u>Greenberg, Susan</u>          **Location**: <u>Courtroom 2B</u>
**Courtroom Clerk**: <u>Rosa Vega</u>               **Courtroom Reporter**:

**Parties Present**
   APPLING, RIJENEA
   HUGHES, MELISSA               Attorney

**Minutes**
*Journals*
   - Attorney Rijenea Appling present on behalf of Plaintiff via Zoom.

   Attorney Melissa Hughes present on behalf of Defendant via Zoom.

   The court finds/orders:

   Case Management Conference set for September 28, 2023 at 11:00AM.
*Case Events*
   - Party appeared by audio and/or video; Attorney: HUGHES, MELISSA; RIJENEA APPLING
   - No formal order or any other notice is required.

**Future Hearings and Vacated Hearings**
Canceled: May 26, 2023 2:00 PM Complex Case Management Conference
Reason: Canceled as the result of a hearing cancel, Hearing Canceled Reason: Vacated
DelRosario, Cindy
Foiles, Robert D
Ortega, Alexandrina
Courtroom 2J

Rescheduled: June 01, 2023 8:00 AM Complex Case Management Conference
Reason: Court's motion
Greenberg, Susan
Vega, Rosa
Courtroom 2B

September 28, 2023 11:00 AM Complex Case Management Conference
Greenberg, Susan
Courtroom 2B